# NO. 12-16-00217-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RAFAEL RODRIGUEZ,*<br>*APPELLANT* | § | *APPEAL FROM THE 432ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *TARRANT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Rafael Rodriguez appeals from his conviction for burglary of a building. In two issues, Appellant contends the judgment contains an error and section 133.102 of the local government code is unconstitutional. We affirm as modified.

## BACKGROUND

In an open plea, Appellant pleaded "guilty" to the state jail felony offense of burglary of a building. Appellant also pleaded "true" to two enhancement allegations. The trial court assessed Appellant's punishment at confinement for four years. The judgment states that Appellant was convicted of a second degree felony. The judgment further assesses court costs, including a $133 fee pursuant to the consolidated fee statute. This appeal followed.

## LEVEL OF OFFENSE

In his first issue, Appellant contends the judgment of conviction should show that he was convicted of a state jail felony instead of a second degree felony. Appellant and the State agree that the judgment should be modified to reflect the offense for which Appellant was convicted.

The trial court's judgment shows that Appellant was convicted of a second degree felony rather than a state jail felony. However, Appellant was convicted of burglary of a building,

which is a state jail felony. TEX. PENAL CODE ANN. § 30.02(c)(1) (West 2011). Appellant's punishment was enhanced to that of a second degree felony, because he had been twice convicted of a prior felony. Accordingly, the trial court's judgment incorrectly states Appellant was convicted of a second degree felony. Thus, Appellant's first issue is sustained.

This court has the authority to modify an incorrect judgment when it has sufficient information to do so. TEX. R. APP. P. 43.2(b). Because we have sufficient information in this case, we modify the judgment to show that Appellant was convicted of a state jail felony offense. *See Garza v. State*, 298 S.W.3d 837, 845 (Tex. App.—Amarillo 2009, no pet.).

## CONSTITUTIONALITY OF STATUTE

In his second issue, Appellant maintains that section 133.102(a)(1) of the local government code is facially unconstitutional, because it violates the separation of powers clause of the Texas Constitution. *See* TEX. CONST. art. II, § 1. Specifically, Appellant challenges the law enforcement standards and education fee, the comprehensive rehabilitation fee, and the abused children's counseling fee as unrelated to the administration of criminal justice.

### Standard of Review

When reviewing the constitutionality of a statute, an appellate court must presume that the statute is valid and that the legislature was neither unreasonable nor arbitrary in enacting it. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978). The party challenging the statute has the burden of establishing that it is unconstitutional. *Id*. An appellate court must uphold the challenged statute if it can be reasonably construed in a manner consistent with the legislative intent and is not repugnant to the Constitution. *See id*.

There are two types of constitutional challenges to a statute. An as-applied challenge claims the statute operates unconstitutionally as applied to the challenger's particular circumstances. *Fluellen v. State*, 104 S.W.3d 152, 167 (Tex. App.—Texarkana 2003, no pet.). A facial challenge is a claim that a statute, by its terms, operates unconstitutionally in all possible circumstances. *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013).

Whether a statute is facially constitutional is a question of law that the appellate court reviews de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). In order to prevail in a facial constitutional challenge, the "challenger must establish that no set of circumstances

2

exists under which the statute will be valid." ***Santikos v. State***, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992).

**Applicable Law**

Section 133.102 of the local government code mandates that a person convicted of a felony must pay $133 "as a court cost, in addition to all other costs." TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2016). The collected amounts must be remitted to the comptroller, who in turn must allocate this money to fourteen specified accounts:

1. Abused children's counseling;

2. Crime stoppers assistance;

3. Breath alcohol testing;

4. Bill Blackwood Enforcement Management Institute;

5. Law enforcement officers standards and education;

6. Comprehensive rehabilitation;

7. Law enforcement and custodial officer supplemental retirement fund;

8. Criminal justice planning;

9. An account in the state treasury to be used only for the establishment and operation of the Center for the Study and Prevention of Juvenile Crime and Delinquency at Prairie View A&M University;

10. Compensation to victims of crime fund;

11. Emergency radio infrastructure account;

12. Judicial and court personnel training fund;

13. An account in the state treasury to be used for the establishment and operation of the Correctional Management Institute of Texas and Criminal Justice Center Account; and

14. Fair defense account.

*Id*. § 133.102(e). Subsection (e) provides that the designated funds "may not receive less than" certain percentages of the collected amounts. *Id*.

In ***Peraza v. State***, the court of criminal appeals set out a test for determining whether a court cost was an unconstitutional tax.

> [I]f the statute under which court costs are assessed (or an interconnected statute) provides for an allocation of such court costs to be expended for legitimate criminal justice purposes, then the

3

statute allows for a constitutional application that will not render the courts tax gatherers in violation of the separation of powers clause. A criminal justice purpose is one that relates to the administration of our criminal justice system. Whether a criminal justice purpose is "legitimate" is a question to be answered on a statute-by-statute/case-by-case basis.

*Peraza v. State*, 467 S.W.3d 508, 517-18 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 1188 (2016). An appellant can raise complaints about costs for the first time on appeal when they are not imposed in open court, including complaints about the constitutionality of the statutes authorizing those costs. *See London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016).

## Preservation of Constitutional Challenge

We first address the State's argument that Appellant cannot raise a facial challenge to the constitutionality of section 133.102 for the first time on appeal. The State relies on *Karenev v. State*, wherein the court of criminal appeals held that "a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). The State acknowledges that a "penal statute's compliance with the Separation of Powers provision of the Texas Constitution is a systemic [absolute][1] requirement." Therefore, an appellant may raise a separation of powers challenge to a penal statute for the first time on appeal. *See Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004); *Aldrich v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003). Given that Texas Local Government Code section 133.102 is not a penal statute, the State contends Appellant's challenge does not allege the denial of a systemic requirement. Because Appellant did not raise his separation of powers challenge to the constitutionality of section 133.102 at trial or in a motion for new trial, the State maintains he cannot raise it on appeal.

In *London*, the court of criminal appeals held that constitutional challenges to court costs can be raised for the first time on direct appeal if, as in this case, the defendant did not have an opportunity to object at trial. *See London*, 490 S.W.3d at 507. The state argues that since *London* dealt with an as-applied constitutional challenge, it does not support Appellant's attempt to raise a facial challenge to the constitutionality of section 133.102 for the first time on direct appeal. However, the court in *London* made no such distinction. *See id*. Therefore, we shall address Appellant's issue.

---

[1] "A 'systemic requirement' (also known as an 'absolute requirement or prohibition') is a law that a trial court has a duty to follow even if the parties wish otherwise. Any party that is entitled to appeal may complain on appeal that such a requirement was violated, even if the party failed to complain about the failure or waived the application of the law." *Mendez*, 138 S.W.3d at 340.

**Law enforcement officers' standards and education fund**

Section 133.102(e)(5) directs the comptroller to allocate 5.0034% of the proceeds to "law enforcement officers' standards and education." TEX. LOC. GOV'T CODE ANN. § 133.102(e)(5) (West Supp. 2016). Two-thirds of these proceeds may be used "only to pay expenses related to continuing education" for law enforcement officers licensed under Chapter 1701 of the occupations code, and the remaining 33.3 cents may be used only to pay related administrative expenses. *Id*. § 133.102(f) (West Supp. 2016). The Law Enforcement Officer Standards and Education Fund is defined in the Texas Occupation Code, as follows:

> (a) The law enforcement officer standards and education fund is in the general revenue fund.
>
> (b) The commission shall use the account in administering this chapter and performing other commission duties established by law.
>
> (c) The Department of Public Safety may use the money appropriated to the department from the account to award grants to local law enforcement agencies for training on incident-based reporting systems to be used for reporting information and statistics concerning criminal offenses committed in this state. The department shall adopt rules governing the award of grants by the department under this subsection.

TEX. OCC. CODE ANN. § 1701.156 (West Supp. 2016).

Appellant argues that since the money collected from this fee is merely an account in the general resource revenue fund and not *directly* allocated to a cost related to the administration of the criminal justice system, it is an unlawful tax under the *Peraza* test. In *Peraza*, 65% of the DNA Testing Fee was allocated to the criminal justice planning account in the general revenue fund and 35% to the state highway fund. *Peraza*, 467 S.W.3d at 511, 518. The *Peraza* court held that the DNA Testing Fee was not an unconstitutional tax, although 65% of it went to an account within the general revenue fund. *Id*. at 518-19. Thus, under *Peraza*, the law enforcement officer standards and education fund is not rendered an unlawful tax by its location in the general revenue fund.

As for Appellant's complaint that the money collected is "not *directly* allocated to a cost related to the administration of the criminal justice system," *Peraza* only requires that the allocation of court costs be related to the administration of criminal justice even if only through interconnected statutes. *See id.* at 517-18.

5

The name of the challenged fee, the Law Enforcement Officers Standards and Education Fee, strongly suggests that it relates to the administration of criminal justice. Moreover, a reasonable reading of section 1701.153 of the occupations code shows that the challenged fee is related to the administration of criminal justice and therefore constitutional under the *Peraza* test. *See* TEX. OCC. CODE ANN. § 1701.156; *see also Peraza*, 1167 S.W.3d at 517-18. Specifically, the statute authorizes the Department of Public Safety to "use money appropriated to the department from the account to award grants to local law enforcement agencies for training on incident-based reporting systems to be used for reporting information and statistics concerning criminal offenses committed in this state." TEX. OCC. CODE ANN. § 1701.156(c). Appellant has not explained how a special account in the general revenue fund, from which DPS may allocate funds in the manner described in section 1701.156, is unrelated to the administration of criminal justice. Therefore, he has not met his burden of proving that it is impossible for the challenged statute to operate constitutionally under any circumstances. *See Santikos*, 836 S.W.2d at 633.

**Comprehensive Rehabilitation Fee and Abused Children's Counseling**

Section 133.102 directs the comptroller to allocate 9.8218 percent of the proceeds to "comprehensive rehabilitation" and .0088 percent to "abused children's counseling." TEX. LOC. GOV'T CODE ANN. § 133.102(e)(1),(6) (West Supp. 2016). The court of criminal appeals has held that both of these costs are facially unconstitutional. *Salinas v. State*, No. PD-0170-16, 2017 WL 915525, at *1 (Tex. Crim. App. Mar. 8, 2017). The court held that any fee assessed pursuant to the statute must be reduced pro rata to eliminate the percentage of the fee associated with these accounts. *Id*. Nevertheless, the court further held that its holding applies only to (1) a defendant who raised the appropriate claim in a petition for discretionary review before the date of the court's opinion, if that petition is still pending on that date and the claim would otherwise be properly before the court on discretionary review, or (2) a defendant whose trial ends after the mandate in *Salinas* issues. *Id*. at *6. In this case, because there is no petition for discretionary review pending on Appellant's claim, and the proceedings in the trial court ended on June 21, 2016—well before the court of criminal appeals's decision in *Salinas*—the court's holding in that case does not apply. *See id*. Accordingly, we overrule Appellant's second issue.

6

## DISPOSITION

Because we sustained Appellant first issue, we modify the trial court's judgment to reflect that Appellant was convicted of a state jail felony.   As ***modified***, the judgment is ***affirmed***.

**BILL BASS**
Justice

Opinion delivered May 31, 2017.
*Panel consisted of Worthen, C.J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2017**

**NO. 12-16-00217-CR**

**RAFAEL RODRIGUEZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 432nd District Court

of Tarrant County, Texas (Tr.Ct.No. 1416040D)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to show that Appellant, **RAFAEL RODRIGUEZ**, was convicted of a state jail felony; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*