

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0480-15

**JOSHUA LONDON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

**NEWELL, J., delivered the opinion of the unanimous Court.**

Rather than challenge the constitutionality of the trial court's imposition of

court costs through a hearing pursuant to Article 103.008 or a separate civil lawsuit,

Appellant sought to raise, on direct appeal, an as-applied challenge to two

provisions in Article 102.011 that impose mandatory court costs upon conviction.

The court of appeals, relying upon our decision in *Curry v. State*, held that Appellant

failed to preserve error on this claim. We granted review to determine whether

Appellant could raise his as-applied challenge for the first time on appeal, and

whether a formal bill of exceptions was necessary to provide a sufficient record for the court of appeals to properly evaluate the claim on direct appeal.

Without considering the merits of the underlying claim, we hold that Appellant was not required to raise his as-applied challenge in the trial court because his first opportunity to do so was on direct appeal. We also hold that Appellant's as-applied challenge can be evaluated upon the record presented. Consequently, we reverse and remand for the court of appeals to consider the merits of Appellant's as-applied challenge.

## Background

The facts in this case are fairly discrete and undisputed. Two days after London's arrest for possession of a controlled substance, the trial court found him indigent and appointed counsel to represent him. London was convicted of possession of cocaine after pleading guilty without an agreed recommendation as to punishment. On May 3, 2013, the trial court entered a judgment sentencing Appellant to 25 years in prison. The trial court included in the judgment an order to pay $329 in court costs. The judgment provided only the $329 amount and no break down of how those costs were calculated.[1]

Appellant filed a *pro se* notice of appeal twelve days after his conviction.

---

[1] There is also no indication on the judgment that court costs are to be imposed pursuant to statutory authority.

Twelve days after that, the district clerk filed the statutorily required bill of costs, which included a $35 fee for summoning witness/mileage pursuant to Articles 102.011(a)(3) and 102.011(b) of the Texas Code of Criminal Procedure.[2] Due to an error in the certification of London's right to appeal, the court of appeals abated the appeal to allow the trial court an opportunity to correct the certification. At the hearing on the abatement, the trial court appointed appellate counsel and re-certified Appellant's right to appeal. Appellant did not raise a constitutional challenge to the imposition of court costs in the trial court.

After the appointment of counsel on appeal, Appellant challenged the statutory witness fee of $35 as it applied to him.[3] Appellant argued that charging a witness fee after trial violated his Sixth Amendment right of confrontation and compulsory process. Thus, according to Appellant, Article 102.011 of the Code of Criminal Procedure, which requires reimbursement for both summoning witnesses and paying for the expenses in serving subpoenas, is unconstitutional as applied to

---

[2] Article 102.011(a)(3) provides that a "defendant convicted of a felony or a misdemeanor shall pay…$5 for summoning a witness." TEX. CODE CRIM. PROC. ANN.. art. 102.011(a)(3) (West 2010). Article 102.011(b) further provides that a defendant is also required to pay "29 cents per mile for mileage required of an officer to perform a service listed in this subsection and to return from performing that service," and "all necessary and reasonable expenses for meals and lodging incurred by the officer in the performance of services under this subsection." TEX. CODE CRIM. PROC. ANN. art. 102.011(b) (West 2010). There was no indication in the bill of costs how much of the $35 "Summoning Witness/Mileage" fee was for summoning witnesses and how much was for mileage and expenses.

[3] Appellant has raised only an as-applied challenge to the constitutionality of the statute imposing the witness fee. Appellant does not appear to argue that the imposed fee is unconstitutional in every application.

him. The State responded that Appellant failed to object to the imposition of this court cost at sentencing, and therefore, he failed to preserve his as-applied challenge.

The court of appeals agreed with the State and did not address the merits of Appellant's claims. Relying on this Court's decision *Curry v. State*, the court of appeals held that "[a] defendant may not raise for the first time on appeal an as-applied challenge to constitutionality of a statute." *London v. State*, No. 01-13-00441-CR, 2015 WL 1778583, at *4 (Tex. App.–Houston [1st Dist.] Apr. 16, 2015) (not designated for publication) (citing *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995)). We granted Appellant's petition for discretionary review to determine whether the court of appeals ought to have addressed Appellant's as-applied challenge to the statutorily applied fee on the merits.

### *Preservation of Error*

Generally, a party must complain in the trial court in order to preserve that complaint for appellate review. TEX. R. APP. P. 33.1(a)(1). A party satisfies the requirement of a timely trial-level complaint "if the party makes the complaint as soon as the grounds for it become apparent[.]" *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006). This means "as soon as the [objecting party] knows or should know that an error has occurred." *Hollins v. State*, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991). In *Gillenwaters*, we summarized the policies supporting the

timeliness requirement.

> The requirement that complaints be raised in the trial court (1) ensures that the trial court will have an opportunity to prevent or correct errors, thereby eliminating the need for a costly and time-consuming appeal and retrial; (2) guarantees that opposing counsel will have a fair opportunity to respond to complaints; and (3) promotes the orderly and effective presentation of the case to the trier of fact.

205 S.W.3d at 537. This rule generally applies to all complaints except those that involve rules that are "waivable only" or "systematic" (or "absolute") requirements. *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004).

However, we have consistently held in the context of court-cost challenges that an appellant may not be faulted for failing to object when he or she was simply not given the opportunity to do so. *Johnson v. State*, 423 S.W.3d 385, 390-91 (Tex. Crim. App. 2014); *Landers v. State*, 402 S.W.3d 252, 255 (Tex. Crim. App. 2013); *Wiley v. State*, 410 S.W.3d 313, 321 (Tex. Crim. App. 2013). As we explained in *Johnson*, an appellant may generally challenge the imposition of even mandatory court costs for the first time on direct appeal when those costs are not imposed in open court and the judgment does not contain an itemization of the imposed court costs. *Johnson*, 423 S.W.3d at 390-91. We noted in *Riles v. State* that procedural default is premised on both an appellant's knowledge of and failure to challenge an issue. 452 S.W.3d 333, 337 (Tex. Crim. App. 2015). And enforcing a procedural-default rule against a defendant who had no opportunity to raise an objection in the trial court does not

further any of the policies delineated in *Gillenwaters*. If this case were simply about whether Appellant was required to object to the imposition of court costs when the trial court pronounced sentence, it would be easily decided in Appellant's favor.

### Sufficient Record on Appeal

But the State also argues that Appellant failed to preserve error on his as-applied challenge to Article 102.011 because his claim of error requires the development of additional facts that are not in the record, unlike the purely legal claims raised in *Johnson* and *Landers*.[4] We have held that, to prevail upon an as-applied challenge to the constitutionality of a statute, it is incumbent upon the appellant to show that the statute operates unconstitutionally as applied to him in his situation. *See Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992) (op. on reh'g) (citing *Parent v. State*, 621 S.W.2d 796, 797 (Tex. Crim. App. 1981)). Because such inquiries can often require factual development, we have explained that an as-applied challenge should not generally be raised prior to trial. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011) (citing *Gillenwaters*, 205 S.W.3d at 536 n. 4); *see also Carrollton-Farmers Branch Indep. Sch. Dist. v. Edgewood Indep. Sch.*

---

[4] In *Johnson*, the defendant raised a challenge to the sufficiency of the evidence supporting the imposed costs. 423 S.W.3d 385. In *Landers*, the defendant challenged the trial court's sua sponte imposition of attorneys fees for the prosecutor pro tem. 402 S.W.3d at 255. The State argues that both of these were purely legal claims and therefore, this Court's holdings in those cases regarding preservation are limited to situations in which the defendant raises a purely legal challenge to the imposition of court costs.

*Dist.*, 826 S.W.2d 489, 551 (Tex. 1992) (noting that the determination of whether a statute has been unconstitutionally applied requires a fully developed factual record). This "preservation" theory has more to do with an appellate court's ability to resolve a claim rather than whether that claim was properly brought to the trial court's attention.

Generally, the appealing party carries the burden to ensure that the record on appeal is sufficient to resolve the issues presented. *See e.g. Word v. State*, 206 S.W.3d 646, 651-52 (Tex. Crim. App. 2006). The failure to provide a sufficient appellate record precludes appellate review of a claim. *See e.g. Guajardo v. State*, 109 S.W.3d 456, 462 (Tex. Crim. App. 2003). Ordinarily, a party is required to file a motion for new trial to develop facts outside the record in order to avoid this problem. TEX. R. APP. P. 21.2. But we held in *Landers v. State* that a motion for new trial is not required to preserve error for a purely legal challenge to the imposition of costs. 402 S.W.3d at 255. And, a motion for new trial is a vehicle for setting aside a finding or verdict of guilt or the trial court's assessment of punishment. TEX. R. APP. P. 21.1. As we have made clear, "court costs are not part of the guilt or sentence of a criminal defendant." *Johnson*, 423 S.W.3d at 390. As such, a motion for new trial is ill suited for bringing a challenge to the imposition of court costs.[5] It makes no sense to

---

[5] The legislature appears to have already provided a tailor-made vehicle for a challenge the assessment of court costs after the final disposition of a case. *Johnson*, 423 S.W.3d at 395. Under Article 103.008, a defendant can file a motion to correct any error in the imposition of court costs up to a year

require a defendant to file a motion for new trial solely to challenge the imposition of court costs because the defendant would not be entitled to a new trial even if he prevailed on the legal claim contained in the motion.

However, when error has been discovered after trial, a formal bill of exception can provide an appropriate vehicle to develop facts to support a challenge to the imposition of court costs if additional development is necessary. *Landers*, 402 S.W.3d at 256 (Tex. Crim. App. 2013) (Keller, P.J. concurring) (citing *Warren v. State*, 693 S.W.2d 414, 416 (Tex. Crim. App. 1985)). Rule 33.2 of the Rules of Appellate Procedure requires a party to file a formal bill of exception to complain on appeal about a matter that would not otherwise appear in the record. TEX. R. APP. P. 33.2. This provision provides a party with a sixty-day window (or a ninety-day window if a motion for new trial has been filed) after the pronouncement or suspension of sentence in open court to file a formal bill. TEX. R. APP. P. 33.2(e)(2). And the party can file a motion to extend the time limit an additional 15 days. TEX. R. APP. P. 33.2(e)(3). If the parties disagree on the contents of the bill, the trial court may hold a hearing. TEX. R. APP. P. 33.2(c). Unlike a motion for new trial, this provision is not

---

after the final disposition of his or her case. TEX. CODE CRIM. PROC. ANN., art. 103.008 (West 2010). However, this provision is not the only method by which a defendant can bring a challenge to the imposition of court costs. *See e.g. Rylander v. Caldwell*, 23 S.W.3d 132, 137 (Tex. App.–Austin 2000) (orig. proceeding) (holding that Article 103.008 does not foreclose the possibility of a civil lawsuit to declare a statute imposing a court cost unconstitutional).

tied to a specific type of relief, and it does not result in a new appellate timetable. *Landers*, 402 S.W.3d at 255 (noting that requiring a motion for new trial to develop the record in a challenge to the imposition of court costs would allow a judge to "de facto alter the statutory time frames for motions for new trial"). If a party chooses to challenge the imposition of court costs through a direct appeal rather than through an Article 103.008 hearing or a civil lawsuit, that party risks presenting an insufficient record on appeal and leaving an appellate court unable to properly evaluate that claim. A formal bill of exception is a proper vehicle whereby a party can develop the necessary facts to carry his or her burden to present a sufficient record on appeal on a claim regarding the imposition of court costs post-trial.[6]

### *No Further Factual Development is Required*

However, we disagree with the State that a bill of exceptions was required in this case to provide the court of appeals with a sufficient record to evaluate Appellant's claim of error. The State cites to a number of cases for its argument, all of which are based on the premise that as-applied challenges may not generally be raised *pre-trial* because an as-applied challenge "depends on the facts developed at

---

[6] The First Court of Appeals has observed that a bill of exception is primarily used in cases involving the improper exclusion of evidence, evidence, because it was not admitted, would not otherwise be part of the appellate record. *Sturdivant v. State*, 445 S.W.3d 435, 440 (Tex. App.–Houston [1st Dist.] 2014, pet. ref'd). However, we do not understand the court of appeals to say that a bill of exception can never be used to present a sufficient record on appeal regarding a constitutional challenge to the imposition of court costs. Moreover, Rule 33.2 itself is not limited to such claims.

trial." *See State v. Rosseau*, 398 S.W.3d 769, 774 (Tex. App.—San Antonio 2011), *aff'd.*, 396 S.W.3d 550 (Tex. Crim. App. 2013). Here, the relevant facts are already present in the record, and there is no need for further development. The State claims that further inquiry must be made into whether or not Appellant is unable to bear the costs associated with his defense. This argument is unpersuasive for two reasons. First, Appellant was declared indigent prior to his plea and he is "presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CRIM. PROC. CODE ANN. art. 26.04 (West 2010). At no point has the State asserted that a material change has occurred so as to warrant further inquiry into Appellant's indigent status.

Second, the State does not explain how additional facts surrounding Appellant's indigency–beyond those already in the record–would be necessary to resolve his as-applied challenge. Some courts of appeals seem to have held that there would never be a need to develop facts regarding indigency because "[a] defendant's ability to pay is not relevant with respect to legislatively mandated court costs." *See Martin v. State*, 405 S.W.3d 944, 947 (Tex. App.-Texarkana 2013, no pet.); *see also Owen v. State*, 352 S.W.3d 542, 546 (Tex.App.-Amarillo 2011, no pet.); *Williams v. State*, 332 S.W.3d 694, 700 (Tex.App.-Amarillo 2011, pet. denied). But we need not go that far in this case. The court of appeals can decide if and how Appellant's

indigent status is relevant to the merits of Appellant's challenge to the imposition of court costs when it reaches the merits of Appellant's claim. For the purposes of error-preservation, the question before us is whether the record supports Appellant's claim that he is indigent, and, absent a material change in Appellant's financial circumstances, the record establishes the fact and degree of Appellant's indigency. We see no reason to require further factual development on Appellant's indigency.

Furthermore, whether the witness/mileage fee pertains to the defense subpoenas or the State's subpoenas is of no consequence. Appellant has made clear that his challenge is to the fees imposed upon him by Articles 102.011(a)(3) and 102.011(b) because they infringe on his right to present a defense as an indigent defendant. *See Ex parte Briggs*, 187 S.W.3d 458, 468 n. 26 (Tex. Crim. App. 2005) (quoting *Ake v. Oklahoma*, 470 U.S. 68, 77 (1985)) ("while the State need not 'purchase for the indigent defendant all the assistance that his wealthier counterparts might buy,' it must provide him 'the basic tools' to present his defense within our adversarial system"). Article 102.011 does not condition the imposition of the witness/mileage fee upon which party summoned the witnesses. *See Ramirez v. State*, 410 S.W.3d 359, 365 (Tex. App.–Houston [1st Dist.] 2013, pet. ref'd.) (holding that the intent of the statute is to reimburse the costs of summoning witnesses borne

by the peace officer).   Consequently, facts related to who summoned a particular witness are unnecessary for the court of appeals to determine whether the post-conviction imposition of a witness/mileage fee infringed upon Appellant's right to present his defense.  On this record, it is clear that Article 102.011 has been applied to Appellant; no further factual development was necessary in order for the court of appeals to be able to resolve Appellant's claim.

### *Conclusion*

The court of appeals could have addressed Appellant's as-applied challenge to the statutorily imposed witness/mileage fee.  Because the record is sufficient to consider Appellant's constitutional claim, we remand this case to the court of appeals for a consideration of the merits of Appellant's as-applied challenge.

Delivered:   May 18, 2016

Publish