

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00052-CR

---

TAM KIMBERLY NGUYEN          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1415257D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Tam Kimberly Nguyen pled guilty to committing criminal mischief, causing pecuniary loss of more than $1,500 but less than $20,000.[2] The trial court found her guilty, ordered a presentence investigation report (PSI),

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Act eff. Sept. 1, 2009, 81st Leg., R.S., ch. 638, § 1, 2009 Tex. Gen. Laws 1433, 1433–34 (amended 2015) (current version at Tex. Penal Code Ann. § 28.03(a)–(b)(4) (West Supp. 2016)).

and, after a hearing, sentenced her to one year's incarceration in state jail. Sentencing occurred on January 8, 2016. The trial court signed the judgment on January 13, 2016, and court costs were assessed that same day. Included in the total costs of $289 assessed against Appellant were consolidated court costs of $133. In one point, Appellant contends that section 133.102(a)(1) of the local government code, the basis for the assessment of the consolidated court costs against her,[3] is facially unconstitutional because it violates the Separation of Powers Clause of the Texas Constitution.[4] Because we follow the Texas Court of Criminal Appeals in rejecting Appellant's grounds for holding the cost statute facially unconstitutional, we affirm the trial court's judgment.

The State contends that Appellant did not preserve her complaint challenging the facial constitutionality of the statute authorizing the imposition of the consolidated court costs. Given the recent cases from the Texas Court of Criminal Appeals stating that an appellant can raise complaints about costs— including complaints about the constitutionality of the statutes authorizing those costs—for the first time on appeal when the costs are not imposed in open court, we shall address the merits of Appellant's point.[5]

---

[3]Tex. Loc. Gov't Code Ann. § 133.102(a)(1) (West Supp. 2016).

[4]*See* Tex. Const. art. II, § 1.

[5]*See London v. State*, 490 S.W.3d 503, at 507–10 (Tex. Crim. App. 2016); *Johnson v. State*, 423 S.W.3d 385, 390–91 (Tex. Crim. App. 2014); *Machado v. State*, No. 02-15-00425-CR, 2016 WL 3960587, at *4 (Tex. App.—Fort Worth July 21, 2016, pet. filed) (mem. op., not designated for publication) (addressing

Appellant contends that the consolidated court costs are an unconstitutional tax under the Separation of Powers Clause because they are neither necessary nor incidental to the trial of a criminal case. As Appellant recognizes, the Texas Court of Criminal Appeals has already expressly rejected the "necessary or incidental" standard upon which her argument is based.[6] We are bound by the precedent of the Texas Court of Criminal Appeals and therefore decline to revisit the "necessary or incidental" standard.[7]

We overrule Appellant's sole point and affirm the trial court's judgment.

---

issues despite State's preservation arguments); *Barefield v. State*, No. 02-14-00336-CR, 2016 WL 551890, at *1 & n.2 (Tex. App.—Fort Worth Feb. 11, 2016, pet. ref'd) (mem. op., not designated for publication) (same). *But see Waddell v. State*, No. 02-14-00372-CR, 2015 WL 7820272, at *1–2 (Tex. App.—Fort Worth Dec. 3, 2015) (mem. op., not designated for publication) (overruling unpreserved constitutional complaints about statutes authorizing costs as forfeited), *rev'd*, No. PD-0014-16, 2016 WL 3625514, at *1 (Tex. Crim. App. June 29, 2016) (not designated for publication); *see also Amie v. State*, Nos. 02-15-00385-CR, 02-15-00386-CR, 2016 WL 741987, at *1 (Tex. App.—Fort Worth Feb. 25, 2016, pet. filed) (mem. op., not designated for publication) (overruling Amie's unpreserved constitutional complaint about section 133.102 of local government code as forfeited); *Davis v. State*, No. 02-15-00163-CR, 2015 WL 5770516, at *4 (Tex. App.—Fort Worth Oct. 1, 2015, pet. filed) (mem. op., not designated for publication) (same).

[6]*See Peraza v. State*, 467 S.W.3d 508, 510, 521 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 1188 (2016); *Machado*, 2016 WL 3960587, at *4 (relying on *Peraza* in addressing and overruling point raising same complaint about different cost statute); *Barefield*, 2016 WL 551890, at *1 (same).

[7]*See Machado*, 2016 WL 3960587, at *4; *Haas v. State*, Nos. 02-11-00316-CR, 02-11-00317-CR, 2013 WL 362758, at *2 (Tex. App.—Fort Worth Jan. 31, 2013, pet. ref'd) (mem. op., not designated for publication); *Hailey v. State*, 413 S.W.3d 457, 489 (Tex. App.—Fort Worth 2012, pet. ref'd).

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 26, 2016