**Affirmed; Opinion Filed June 29, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-17-01120-CR

No. 05-17-01121-CR

**JASON CURTIS LAYTON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 219-82024-2016 and 219-82025-2016**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Stoddart
Opinion by Justice Myers

Following an open plea of guilty to the trial court, appellant Jason Curtis Layton was convicted in two cases of intoxication assault causing serious bodily injury. The court assessed punishment at ten years' imprisonment in each case, with the sentences to run concurrently. In a single point of error, appellant argues the convictions are void because there was no valid indictment. We affirm.

### DISCUSSION

In his point of error, appellant contends the conviction is void because there is no valid indictment. More specifically, he argues the indictments are invalid because they contain a handwritten notation of "UNAPP" in the upper right hand corner. Appellant argues this notation indicates the indictments were "unapproved" by the grand jury. The State responds that appellant waived any error in the indictments by not objecting in the trial court prior to the day of trial, and,

furthermore, the record does not support appellant's argument that the indictments were not approved by the Collin County Grand Jury.

The clerk's records do not contain written motions to quash the indictments, nor are such motions noted on the court's docket sheets, and the reporter's record shows no objections to the form or substance of the indictments. Appellant had an affirmative duty to object to any defect, error, or irregularity of form or substance in the indictment before the date on which the trial commenced. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b). Because appellant did not object to the indictments prior to (or during) trial, any defects as to form or substance were waived. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b); *Teal v. State*, 230 S.W.3d 172, 179–80 (Tex. Crim. App. 2007) (as long as an indictment charges a defendant with an offense, other defects in an indictment are forfeited if not raised by objection prior to trial).

Additionally, even if we were to assume error was preserved, no reversible error has been shown. Appellant's argument relies on nothing more than a handwritten notation in capital letters in the upper right hand corner of each indictment. But appellant has not shown that the "UNAPP" notation meant anything that would have undermined the validity of the indictments, which charged the defendant with an offense using the required statutory forms and were signed in ink by the grand jury foreman at the appropriate locations at the bottom of each indictment. *See* TEX. CODE CRIM. PROC. ANN. art. 21.02 (setting out the required elements of an indictment); *Teal*, 230 S.W.3d 179 (an indictment is sufficient if it charges a person with an offense). Indeed, it is equally likely that it was merely an abbreviation for "unapprehended."

The record supports that appellant was not arrested in these cases until after his indictment. The "arrest information" blank on each indictment, both of which were filed on July 28, 2016, contains the notation "GJR" rather than information about the date of arrest, the warrant number, and bond. Upon return of the indictment, the clerk issued a capias directing the arrest of appellant,

and this would not have been required if appellant was already in custody or under bail. *See* TEX. CODE CRIM. PROC. ANN. art. 23.03(a) (providing that a capias shall issue on each felony indictment but further providing that such "need not issue for a defendant in custody or under bond."). The capias was executed in each case on September 7, 2016, but the docket sheets indicate appellant was taken into custody in Comanche County on August 11, 2016.

This is consistent with the back time credit awarded to appellant in each case from "08-11-16 to 09-05-16[,] From 09-06-16 to 09-07-16[,] From 09-07-16 to 08-24-17," with August 24, 2017 being the date of judgment. Noting appellant's unapprehended status on the indictment when it was filed would have been consistent with the Texas Code of Criminal Procedure, which requires that indictments for persons not in custody or under bond be treated differently than indictments for persons who have previously been arrested. *See* TEX. CODE CRIM. PROC. ANN. art. 20.22(a)-(b) (requiring that fact of presentment of indictment by grand jury be entered in record of court, but if accused is not in custody or under bond at time of presentment, the indictment may not be made public and entry in record of court relating to indictment must be delayed until capias served and defendant is placed in custody or under bond).

It is axiomatic that the appealing party carries the burden of ensuring that the record on appeal is sufficient to resolve the issues presented, and that the failure to do this precludes appellate review. *London v. State*, 490 S.W.3d 503, 508 (Tex. Crim. App. 2016). And mere assertions in an appellate brief unsupported by evidence in the record will not be accepted as fact. *Janecka v. State*, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996). Appellant has failed to carry his burden. Accordingly, his point of error is overruled.

We affirm the trial court's judgment.


/Lana Myers/
LANA MYERS
JUSTICE


Do Not Publish
TEX. R. APP. 47.2(b)
171120F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JASON CURTIS LAYTON, Appellant

No. 05-17-01120-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-82024-2016.
Opinion delivered by Justice Myers.
Justices Lang and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 29th day of June, 2018.



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JASON CURTIS LAYTON, Appellant

No. 05-17-01121-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-82025-2016.
Opinion delivered by Justice Myers.
Justices Lang and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 29th day of June, 2018.