

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00030-CR

_____

JENNIFER ELAINE MCGUIRE, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from County Court at Law No. 1
Wise County, Texas
Trial Court No. CR-75652

---

Before Sudderth, C.J.; Birdwell and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

A jury convicted Jennifer Elaine McGuire of driving while intoxicated with an alcohol concentration of 0.15 or more. *See* Tex. Penal Code Ann. § 49.04(a), (d). The trial court sentenced her to 365 days' confinement and a $750 fine, suspended imposition of the confinement portion of the sentence, and placed her on community supervision for eighteen months. *See* Tex. Code Crim. Proc. Ann. art. 42A.053(a)(1). McGuire challenges her conviction in a single point, arguing that the trial court abused its discretion by admitting the results of her blood test. Concluding that McGuire failed to preserve her sole point, we affirm.

## II. BACKGROUND

In the early morning of April 14, 2016, Patrick Garcia, a trooper with the Texas Department of Public Safety (DPS), was dispatched to the scene of a motor vehicle accident that had occurred on Highway 81 just north of the Decatur city limits. After arriving on scene, Trooper Garcia conducted an investigation, which led him to conclude that McGuire had been the driver of the vehicle that contributed to the accident. Also based upon his investigation, Trooper Garcia determined that McGuire was intoxicated, so he arrested her and took her to jail.

After they arrived at the jail, Trooper Garcia asked McGuire to consent to a blood draw, and when she refused, he obtained a warrant to get the sample without her consent. Trooper Garcia then drove McGuire to the hospital, where a

2

phlebotomist drew a sample of McGuire's blood. Trooper Garcia took custody of the drawn blood, and the next day, he mailed the sample to a DPS crime lab for analysis. Trooper Garcia received the results of the crime lab's analysis, which showed the alcohol concentration in McGuire's blood sample to be 0.187.

## III. DISCUSSION

The trial court admitted a copy of the DPS crime lab's report of the results of its analysis of McGuire's blood sample, and Trooper Garcia also testified regarding those results. In her sole point, McGuire contends that the trial court should have excluded the results of the DPS crime lab's analysis of her blood sample under rule of evidence 702 because the evidence did not show that a proper technique was used to draw the samples and because Trooper Garcia did not qualify as an expert to testify about those results. We conclude McGuire failed to preserve this complaint.

### A. Relevant Events at Trial

McGuire did not file a pretrial motion to suppress. At trial, the State called Trooper Garcia, and during the prosecutor's direct examination of Trooper Garcia, the prosecutor offered State's Exhibit 2, which was a copy of the results of the DPS crime lab's analysis of McGuire's blood sample with an attached article 38.41 certificate of analysis from the lab analyst who had analyzed the sample. *See* Tex. Code Crim. Proc. Ann. art. 38.41. McGuire's counsel lodged the following objection, which the trial court overruled:

3

[McGuire's Counsel]: I'd object. I don't think a proper predicate has been laid, Judge, and I don't know that I have seen the Business Records Affidavit, but certainly wasn't kept in [Trooper Garcia's] regular course of business, Your Honor. I don't think he's a proper witness to predicate the document either.

The prosecutor requested permission to publish the exhibit to the jury, which the trial court granted without objection from McGuire.

The prosecutor showed the exhibit to Trooper Garcia, who confirmed that it was a copy of the results from the analysis of McGuire's blood sample that he had received from the DPS crime lab. The following exchange then occurred:

[Prosecutor]: Okay. And what were the results of the blood withdrawn from the Defendant's arm?

[Trooper Garcia]: Her BAC -- her blood alcohol concentration was .187 grams of alcohol per 100 milliliters of blood.

McGuire did not object to this testimony when the prosecutor elicited it.

After the prosecutor concluded his examination of Trooper Garcia and McGuire's counsel concluded his cross-examination, Trooper Garcia was excused, and the State rested. The trial court excused the jury for a break and then took up an objection outside the jury's presence:

[McGuire's Counsel]: I just have something before the jury comes in, Judge. There are objections to the lab report. I know there is a Chain of Custody Affidavit, but Trooper Garcia is the only one that actually testified. He has no personal knowledge of what actually happened. The report itself contains hearsay within hearsay. Also, the manner of extraction of the blood, the method of extraction was never proven and no evidence that it was done in a -- in the manner that is scientifically accepted and approved. There is no connection or evidence of what was

4

tested and scientific -- the underlying scientific means of the -- of the extraction were never proven, Judge.

THE COURT: Okay. I'll overrule.

[McGuire's Counsel]: Thanks. And chain of custody also the additional objection.

THE COURT: I'll overrule.

## B.     Applicable Law

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016). Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013); *Martinez v. State*, 17 S.W.3d 677, 686 (Tex. Crim. App. 2000). For an objection to be timely, it generally must be lodged as soon as the basis for the objection becomes apparent. Tex. R. Evid. 103(a)(1); *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016).

Further, a party must object each time objectionable evidence is offered unless the party has obtained a running objection or has requested a hearing outside the presence of the jury. *See Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003); *Lumsden v. State*, 564 S.W.3d 858, 888 (Tex. App.—Fort Worth 2018, pet. ref'd), *cert. denied*, 139 S. Ct. 2018 (2019). And a party will also forfeit error in the admission of

5

objected-to evidence if it fails to object to testimony about that evidence. *See Lumsden*, 564 S.W.3d at 888.

## C. Application

Even if we construed the objection McGuire raised to State's Exhibit 2 when the prosecutor offered it as an objection based on rule 702, she did not obtain a running objection or request a hearing outside of the jury's presence, and she did not object when Trooper Garcia subsequently testified that the DPS crime lab's analysis of her blood sample reflected that she had an alcohol concentration of 0.187. By failing to do so, she forfeited error in the admission of those results. *See Lumsden*, 564 S.W.3d at 888; *French v. State*, No. 05-99-01015-CR, 2000 WL 102719, at *1 (Tex. App.—Dallas Jan. 31, 2000, no pet.) (mem. op., not designated for publication). And even if we construed the objection McGuire raised after the State rested as a rule 702 objection to the trial court's admission of both State's Exhibit 2 and Trooper Garcia's testimony about that exhibit, that objection came too late to preserve error. *See* Tex. R. Evid. 103(a)(1); *London*, 490 S.W.3d at 507; *French*, 2000 WL 102719, at *1. Accordingly, we conclude McGuire failed to preserve her sole point. We therefore overrule it.

## IV. CONCLUSION

We have concluded that McGuire failed to preserve her sole appellate point and have therefore overruled it. Accordingly, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

6

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 28, 2019