

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00157-CR

Steven Peter **MIRELES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 2017-10-13127-CR
Honorable Camile Glasscock Dubose, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Rebeca C. Martinez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed: November 6, 2019

AFFIRMED

Pursuant to a plea agreement, Appellant Steven Peter Mireles pled guilty to two counts of

aggravated sexual assault of a child under the age of six-years-old.  The trial court sentenced

Mireles to twenty-five years' confinement with the sentences to run concurrently.  The plea

agreement preserved Mireles's right to appeal the denial of his motion to quash the two-count

indictment.  Mireles argues the trial court erred in denying his motion to quash the indictment

because the statutory minimum sentence—twenty-five-years' confinement without the possibility

of parole—violates the prohibition against cruel and unusual punishment under the Eighth

Amendment to the United States Constitution. We overrule Mireles's sole issue and affirm the trial court's judgment.

## CRUEL AND UNUSUAL PUNISHMENT

The crime of aggravated sexual assault of a child under the age of six-years-old is a first-degree felony and carries a punishment range of twenty-five to ninety-nine years' confinement. TEX. PENAL CODE ANN. § 22.021(f). A person convicted of the offense is ineligible for parole. TEX. GOV'T CODE ANN. § 508.145(a). Mireles argues the trial court erred in denying his motion to quash the indictment because a mandatory twenty-five-year statutory minimum sentence, without the possibility of parole, violates the prohibition against cruel and unusual punishment under the Eighth Amendment to the United States Constitution. Mireles asserts section 22.021(f) is unconstitutional as applied to a class of offenders with no prior criminal history and who were not previously registered sex offenders.[1]

*STANDARD OF REVIEW & APPLICABLE LAW*

We review a trial court's decision to deny a motion to quash the indictment under a *de novo* standard of review. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007). When reviewing the denial of a motion to quash the indictment that challenges the constitutionality of a statute:

> [w]e presume that the statute is valid and that the [Texas] Legislature has not acted unreasonably or arbitrarily. The burden rests upon the individual who challenges the statute to establish its unconstitutionality. In the absence of contrary evidence, we will presume that the legislature acted in a constitutionally sound fashion.

*Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002) (internal citations omitted).

---

[1] We recognize that "as-applied challenges may not generally be raised *pre-trial* because an as-applied challenge 'depends on the facts developed at trial.'" *London v. State*, 490 S.W.3d 503, 509 (Tex. Crim. App. 2016). However, here, "the relevant facts are already present in the record, and there is no need for further development." *Id.* Thus, we will address Mireles's as-applied challenge. *See id.* at 510 (holding the intermediate appellate court "could have addressed Appellant's as-applied challenge . . . [b]ecause the record [was] sufficient to consider Appellant's constitutional claim").

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. The Eighth Amendment's prohibition on cruel and unusual punishment "requires that punishment be graduated and proportioned to the offense[;]" however, "this is a narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). "Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id.* (citing *Ewing v. California*, 538 U.S. 11, 23 (2003) (plurality opinion)).

Proportionality challenges to sentences generally fall within two classifications. *Graham v. Florida*, 560 U.S. 48, 59 (2010). "The first involves challenges to the length of term-of-years sentences given all the circumstances in a particular case." *Id.* This type of challenge requires a court to determine "whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime." *Id.* at 60. The second classification "use[s] categorical rules to define Eighth Amendment standards." *Id.* Within this classification is a subset of proportionality challenges raised in non-capital cases that "pertain[] to the 'categorical' application of a punishment scheme to 'an entire class of offenders.'" *Glover v. State*, 406 S.W.3d 343, 347 (Tex. App.—Amarillo 2013, pet. ref'd) (quoting *Graham*, 560 U.S. at 61).

Here, Mireles contends that a mandatory twenty-five-year statutory minimum sentence without the possibility of parole is a grossly disproportionate punishment when assessed against a class of offenders with no prior criminal history and who were not previously registered sex offenders, a class to which he belongs.[2] Thus, Mireles's argument is "a categorical challenge to a

---

[2] As part of the plea agreement, the State stipulated on the record that Mireles had no prior criminal history and was not previously a registered sex offender.

term-of-years sentence." *See Graham*, 560 U.S. at 61. When reviewing a "categorical" challenge to a statutory punishment scheme:

> the Court of Criminal Appeals has interpreted *Graham* as requiring the consideration of four factors: (1) whether there is a national consensus against imposing the particular punishment at issue; (2) the moral culpability of the offenders at issue in light of their crimes and characteristics; (3) the severity of the punishment; and (4) whether the punishment serves legitimate penological goals.

*Glover*, 406 S.W.3d at 348 (citing *Meadoux v. State*, 325 S.W.3d 189, 194 (Tex. Crim. App. 2010)). "[Mireles], as the party challenging Texas Penal Code [section 22.021(f)] as it was written at the time of his offense, has the burden of establishing its unconstitutionality." *Meadoux*, 325 S.W.3d at 194 n.7.

*DISCUSSION*

I.  NATIONAL CONSENSUS

"The best evidence of a national consensus with respect to the appropriateness of the punishment assessed for a particular offense is the legislation enacted by the nation's legislatures." *Glover*, 406 S.W.3d at 348 (citing *Meadoux*, 325 S.W.3d at 194). "Actual sentencing practices are [also] an important part of [a court's] inquiry into consensus." *Graham*, 560 U.S. at 62. Mireles did not provide any evidence of a national consensus against the imposition of a mandatory twenty-five-year statutory minimum sentence without parole on first-time sex offenders. *See Meadoux*, 325 S.W.3d at 194 n.7 (noting the party challenging a statute as unconstitutional bears the burden of establishing its unconstitutionality). The enactment of section 22.021(f) by the Texas Legislature was purportedly the result of a "national movement" to implement stricter penalties for sex crimes committed against children. *See* House Comm. on Criminal Jurisprudence, Bill Analysis, Tex. H.B. 8, 80th Leg., R.S. (2007). Because "[t]he national consensus, as reflected by the Legislature's response to this call for legislation" to implement stricter penalties for sex crimes committed against children, purportedly resulted in the enactment of section 22.021(f), Mireles

- 4 -

has not shown that the national consensus factor weighs in his favor. *See Glover*, 406 S.W.3d at 348; *see also Meadoux*, 325 S.W.3d at 194 n.7.

## II. MORAL CULPABILITY

In support of Mireles's contention that a mandatory twenty-five-year statutory minimum sentence without parole for first-time offenders is a disproportionate sentence, Mireles contends that a first-time offender, such as himself, is morally less culpable than a habitual sex offender. Mireles urges this court to engage in a "review of the application of the challenged statute in relation to other statutes where [an] accused with a history of sexual assault" received a lesser sentence. However, "[t]he constitutionality of a given punishment scheme cannot . . . be determined by simply comparing the punishment schemes applicable to two or more offenses for purposes of making a 'proportionality review.'" *See Glover*, 406 S.W.3d at 347 (recognizing that the Eighth Amendment does not guarantee proportionality in non-death penalty cases).

In considering the moral culpability of the offenders at issue in light of their crimes and characteristics, "[t]he age of the offender and the nature of the crime each bear on the analysis." *Graham*, 560 U.S. at 69. Mireles was an adult at the time of the offense. *Cf. id.* at 68 ("Juveniles are more capable of change than are adults, and their actions are less likely to be evidence of 'irretrievably depraved character' than are the actions of adults." (citing *Roper v. Simmons*, 543 U.S. 551, 570 (2005))). Mireles's crime targeted the vulnerable. *See* House Comm. on Criminal Jurisprudence, Bill Analysis, Tex. H.B. 8, 80th Leg., R.S. (2007) ("Children under 14 years old are some of the most vulnerable members of society and deserve whatever protections the state can give them."). According to the bill analysis, the Texas Legislature considered it "necessary to provide the best protection possible for Texas children from sex offenders who commit horrific crimes and to punish appropriately those who victimize some of the most vulnerable members of society." *Id.* Accordingly, considering Mireles's age, the serious nature of the offense, and the

vulnerability of the child-victim, the moral culpability factor weighs in favor of the constitutionality of a mandatory twenty-five-year statutory minimum sentence without parole for first-time sex offenders convicted of aggravated sexual assault of a child under the age of six-years-old.

### III. SEVERITY OF THE PUNISHMENT

The crime of aggravated sexual assault of a child under the age of six-years-old carries a mandatory twenty-five-year statutory minimum sentence without parole. While "mandatory penalties may be cruel[,] . . . they are not unusual in the constitutional sense[.]" *Harmelin*, 501 U.S. at 995. Thus, "[t]here can be no serious contention, then, that a sentence which is not otherwise cruel and unusual becomes so simply because it is 'mandatory.'" *Id.* (rejecting a claim that it was "cruel and unusual to impose a mandatory sentence" of life imprisonment without the possibility of parole "without any consideration of so-called mitigating factors such as . . . the fact that [petitioner] had no prior felony convictions"). Thus, a mandatory sentence alone does not render a punishment scheme unconstitutional. *See id.*

Mireles contends the Texas Legislature never meant to punish first-time offenders as severely as habitual sex offenders. However, according to section 22.021(f)'s bill analysis, Mireles was precisely the type of offender the Texas Legislature had in mind when it proposed section 22.021(f). *See* House Comm. on Criminal Jurisprudence, Bill Analysis, Tex. H.B. 8, 80th Leg., R.S. (2007) ("[Section 22.021(f)] would increase the penalties for certain sex crimes committed against young victims to first-degree felonies to make the potential punishments more appropriately fit these crimes."). Mireles urges the court to reform section 22.021(f) into a graduated punishment scheme that imposes lesser punishments on first-time offenders and more severe punishments on habitual sex offenders. However, that is not the function of this court. As Supreme Court Justice Kennedy stated in *Harmelin*:

The . . . [l]egislature has mandated the penalty and has given the state judge no discretion in implementing it. It is beyond question that the legislature "has the power to define criminal punishments without giving the courts any sentencing discretion[.]" Since the beginning of the Republic, Congress and the States have enacted mandatory sentencing schemes. To set aside petitioner's mandatory sentence would require rejection not of the judgment of a single jurist . . . but rather the collective wisdom of the . . . [l]egislature and, as a consequence, the [state] citizenry. We have never invalidated a penalty mandated by a legislature based only on the length of sentence, and, especially with a crime as severe as this one, we should do so only in the most extreme circumstance.

*Id.* at 1006–07 (Kennedy, J., concurring) (internal citations omitted).

## IV. PENOLOGICAL GOALS

"The penological justifications for the sentencing practice are also relevant to the [categorical-challenge] analysis." *Graham*, 560 U.S. at 71. There are four legitimate penological justifications for a penal sanction: retribution, deterrence, incapacitation, and rehabilitation. *Id.* "A sentence lacking any legitimate penological justification is by its nature disproportionate to the offense." *Id.*

When considering retribution as a penological justification, the Supreme Court in *Graham* stated: "Society is entitled to impose severe sanctions on a . . . nonhomicide offender to express its condemnation of the crime and to seek restoration of the moral imbalance caused by the offense." *Id.* "Whether viewed as an attempt to express the community's moral outrage or as an attempt to right the balance for the wrong to the victim," the case for retribution is stronger for an adult as compared to a juvenile "whose culpability or blameworthiness is diminished . . . by reason of youth and immaturity." *Roper*, 543 U.S. at 571. "The heart of the retribution rationale is that a criminal sentence must be directly related to the personal culpability of the criminal offender." *Tison v. Arizona*, 481 U.S. 137, 149 (1987). Thus, considering Mireles was an adult with heightened personal culpability and blameworthiness, the serious nature of aggravated sexual assault of a child under six-years-old, and the vulnerability of the child-victim, the penological

justification of retribution is served by the sentencing scheme in question. *See id.*; *see also* House Comm. on Criminal Jurisprudence, Bill Analysis, Tex. H.B. 8, 80th Leg., R.S. (2007) ("[Section 22.021(f)] is necessary . . . to punish appropriately those who victimize some of the most vulnerable members of society.").

In *Glover*, the court reasoned, "pedophiles and sexual predators tend to repeat their offenses[;]" thus, "the penological interests of both deterrence and incapacitation are served by the sentencing scheme" imposed on the class of offenders to which Mireles belongs. *Glover*, 406 S.W.3d at 350; *see also* House Comm. on Criminal Jurisprudence, Bill Analysis, Tex. H.B. 8, 80th Leg., R.S. (2007) (stating section 22.021(f) was implemented to keep children safe from predators and to provide children with "whatever protections the state can give them"). Having found that the statutory scheme imposed under section 22.021(f) serves the penological justifications of retribution, deterrence, and incapacitation, it is not "by its nature disproportionate to the offense." *See Graham*, 560 U.S. at 71.

Considering and balancing these four factors together, we conclude that Mireles has not carried his burden of showing that the imposition of a mandatory twenty-five-year statutory minimum sentence without parole on first-time offenders is grossly disproportionate to the offense of aggravated sexual assault of a child under the age of six-years-old. *See Meadoux*, 325 S.W.3d at 196.

## CONCLUSION

Mireles's sole issue on appeal is overruled, and the judgment of the trial court is affirmed.

Rebeca C. Martinez, Justice

DO NOT PUBLISH