

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00246-CR

———————————————

DANIEL CHARLES BELL, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1507418D

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Memorandum Opinion by Justice Gabriel

**MEMORANDUM OPINION**

A jury convicted Appellant Daniel Charles Bell of one count of aggravated sexual assault of a child under fourteen years of age, one count of sexual assault of a child under seventeen years of age, and two counts of indecency with a child by contact. *See* Tex. Penal Code Ann. §§ 21.11(a)(1), 22.011(a)(2), 22.021(a)(2)(B). The jury assessed his punishment at life imprisonment for the count of aggravated sexual assault of a child under fourteen years of age, and it assessed his punishment at twenty years' confinement for each of the other counts. The trial court sentenced Bell accordingly, ordering that the sentences run concurrently. In a single point, Bell argues that the trial court improperly admitted extraneous-offense evidence at the punishment phase of his trial. We will affirm.

## I. BACKGROUND

Bell was accused of sexually assaulting his adopted sister, Mary,[1] who was thirty-four years his junior and a child at the time of the alleged assaults.[2] On February 22, 2018—approximately three months before Bell's trial—Bell's trial counsel filed twenty sequentially numbered documents under the title "Omnibus Pretrial Motions." The twentieth document was styled "Motion #20 Request for

---

[1]We use an alias to refer to the complainant. *See* Tex. R. App. P. 9.8 cmt., 9.10(a)(3); *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

[2]Because Bell does not challenge the sufficiency of the evidence to support his convictions, we do not recount the details of the sexual assaults against Mary.

Notice." Citing to Article 37.07, Section 3(g) of the Code of Criminal Procedure, Bell's counsel requested in that document that the State give notice at least ten days prior to the commencement of trial of its intent to introduce, at the punishment phase of the trial, evidence of extraneous crimes or bad acts allegedly committed by Bell. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g). Citing to Rule 404(b) of the Rules of Evidence, Bell's counsel also requested in that document that the State give notice at least ten days prior to the commencement of trial of its intent to introduce, in its case in chief, evidence of any other crimes, wrongs, or acts committed by Bell other than those alleged in the indictment. *See* Tex. R. Evid. 404(b).

On May 7, 2018—seven days before the commencement of Bell's trial—the State provided notice that it intended to offer evidence that Bell had sexually assaulted his former stepdaughter, Anne, over a ten-year period during her childhood.[3] The State filed a supplemental notice on May 10, 2018, providing additional details of Bell's alleged sexual assaults against Anne. On May 14, 2018, Bell's counsel filed a document titled "Trial Objection Number One (Extraneous)," in which he objected to the admission of evidence relating to the extraneous offenses disclosed by the State because of a "lack of timely notice."

---

[3]Just as we used an alias to refer to the complainant, we likewise use an alias to refer to Bell's former stepdaughter because she is an alleged victim of sexual assault occurring when she was a child. *See* Tex. R. App. P. 9.8 cmt., 9.10(a)(3); *McClendon*, 643 S.W.2d at 936 n.1.

At a pretrial hearing the morning of trial, the trial court discussed Bell's "Trial Objection Number One (Extraneous)" and "Omnibus Pretrial Motions." With respect to "Trial Objection Number One (Extraneous)," the trial court stated that it would "table" the objection. The trial court then asked Bell's counsel whether that was acceptable, and Bell's counsel responded, "[y]es." With respect to "Motion #20 Request for Notice," the trial court asked Bell's counsel whether he had received the State's notice of its intent to offer extraneous-offense evidence. Bell's counsel told the trial court that he had received the State's notice, and he complained generally about the timeliness of it, although he did not secure a ruling from the trial court regarding his complaint. Bell's counsel then told the trial court that "Motion #20 Request for Notice" was not a motion, but a mere request for notice. The trial court then asked whether anything else needed to be done with respect to "Motion #20 Request for Notice," and Bell's counsel told the trial court that nothing else needed to be done.

The trial proceeded, and at the conclusion of the guilt-innocence phase, the jury found Bell guilty of all counts. The State called Anne to testify during the punishment phase of the trial. Prior to Anne's testimony, the following exchange occurred:

> [Bell's Counsel]: Judge, one -- one minor detail. We -- we're going to ask that [Anne] be barred from testifying because the offense she's going to talk about is beyond the statute of limitations. Her -- her case is barred by the statute, and we would ask that she not be allowed to testify.

4

[Trial Court]: State, do you have a response?

[State's Counsel]: Your Honor, we're not filing an offense in regards to [Anne's] case. She's merely an extraneous witness proved up in punishment. We're not actually proceeding on charges against this defendant for that crime.

[Trial Court]: All right. So first off . . . do you intend to go into any offenses, other crimes whether you intend to charge them or not?

[State's Counsel]: Yes, Your Honor.

[Trial Court]: Okay. Did you give notice to the Defense?

[State's Counsel]: Of the crimes?

[Trial Court]: Yes.

[State's Counsel]: Yes, Your Honor.

[Trial Court]: Did you receive notice of those?

[Bell's Counsel]: That's correct, Judge.

After some further discussion, the trial court overruled Bell's objection that the offenses Anne was going to testify about were barred by the statute of limitations, and Anne proceeded to testify.

Anne testified that her mother married Bell when Anne was around five years old. Anne described for the jury escalating occurrences of sexual contact between Bell and her that began shortly after her mother's marriage to Bell and that occurred over a ten-year period—first Bell's rubbing of her back, then Bell's rubbing of her inner thigh, then Bell's touching of her vagina and chest, then Bell's performance of oral sex on her, then Bell placing a towel over her vagina and penetrating her with his

5

penis, then Bell making her perform oral sex on him, then Bell penetrating her vagina with his penis without a towel. Anne testified that she did not tell her mother about these occurrences because Bell had threatened to hurt Anne's mother and brother.

Following Anne's description of the sexual abuse, the State's counsel approached the bench and told the trial court that she intended to solicit testimony from Anne regarding a phone call between Anne, Bell, and a counselor in which Bell allegedly admitted to sexually abusing Anne. Bell's counsel objected to that proposed testimony on the grounds that it was hearsay. The trial court overruled the hearsay objection. The trial court then asked if there were any other objections, and the following exchange occurred:

[Bell's Counsel]: Judge, we will just reurge the previous litany.

[Trial Court]: I know that. I'm trying to give you a specific ruling, so can you help me now? We're in the punishment phase, not the guilt/innocence [phase] any longer.

[Bell's Counsel]: And we'll also reurge that the notice wasn't timely.

[Trial Court]: Well, I reviewed that under -- it's under the rules of 404(b), and notice was given prior to trial, correct?

[Bell's Counsel]: Yes, Judge.

[Trial Court]: Therefore it's timely. Any other objections?

[Bell's Counsel]: No, Judge.

Despite receiving a favorable ruling from the trial court, the State did not solicit testimony from Anne regarding the phone call.

6

Ultimately, the jury assessed Bell's punishment at life imprisonment for the count of aggravated sexual assault of a child under fourteen years of age, and it assessed his punishment at twenty years' confinement for each of the other counts.

## II. PRESERVATION OF ERROR

In his sole point, Bell argues that the trial court improperly admitted Anne's testimony because Bell did not receive timely notice that the State intended to offer evidence of Anne's testimony and that the State's notice did not contain the precise dates of the alleged offenses nor did it provide the counties in which the alleged offenses occurred.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016). Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013). For an objection to be timely, it generally must be lodged as soon as the basis for the objection becomes apparent. Tex. R. Evid. 103(a)(1); *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016). The complaint made on appeal must comport with the complaint made in the trial court or the error is forfeited. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

Here, Bell did not object in the trial court that the State's notice lacked the precise date of the alleged offenses and lacked the counties in which the alleged offenses occurred. Thus, that complaint is not preserved for our review. *See* Tex. R. App. P. 33.1(a)(1); *Thomas*, 505 S.W.3d at 924. While Bell did object that the State's notice was untimely through the filing of his "Trial Objection Number One (Extraneous)," Bell never secured a ruling on that objection nor did he object to the trial court's refusal to rule on that objection. *See* Tex. R. App. P. 33.1(a)(2); *Greenwood v. State*, 948 S.W.2d 542, 548 (Tex. App.—Fort Worth 1997, no pet.) ("[B]ecause appellant did not object to the trial court's refusal to rule on her pretrial motions, she has failed to preserve error on those points."). While Bell's counsel later objected to the timeliness of the State's notice and secured a ruling from the trial court on the objection when discussing the potential introduction of testimony regarding a phone call in which Bell allegedly admitted to sexually abusing Anne, that objection was made after Anne had already testified at length regarding the sexual abuse.[4] Accordingly, we hold that Bell did not preserve the complaint he now makes on appeal regarding the untimeliness of the State's notice of its intent to offer extraneous-offense evidence. *See* Tex. R. App. P. 33.1(a)(1), (a)(2); *London*,

---

[4]Prior to Anne's testimony being given, Bell's counsel made an objection to her testimony based entirely on the statute of limitations. That objection did nothing to preserve the arguments Bell is now making on appeal, which have nothing to do with the statute of limitations. *See Clark*, 365 S.W.3d at 339 ("The point of error on appeal must comport with the objection made at trial.").

490 S.W.3d at 507; *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002) ("We have consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence.").

We overrule Bell's sole point.

## III.  CONCLUSION

Having overruled Bell's sole point, we affirm the trial court's judgments.  *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  December 19, 2019