# Court of Appeals
## Tenth Appellate District of Texas

10-23-00227-CV

Marvin Terrill Curry,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
54th District Court of McLennan County, Texas
Judge Susan N. Kelly, presiding
Trial Court Cause No. 2004-1333-C

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Appellant was indicted on the charge of murder. His trial was conducted from November 7, 2005, until November 10, 2005. The jury convicted Appellant of murder and sentenced him to a term of 70 years confinement in the Texas Department of Criminal Justice, Institutional Division with no fine. The trial court entered judgment of conviction on November 10, 2005. This judgment of conviction incorporated a bill of costs which included costs and

fees in the amount of $7,954.20.

Thereafter, on January 23, 2006, the trial court entered a withdrawal order directing that payment of "court costs, fees and/or fines" be made from Appellant's Inmate Trust Account. This order, along with a copy of the bill of costs, the judgment, and the conviction was mailed to Appellant on January 24, 2006. Appellant received the same on February 1, 2006. Appellant timely appealed his conviction, and this Court affirmed the judgment in 2007. *See Curry v. State*, 222 S.W.3d 745 (Tex. App.—Waco 2007, pet. ref'd).

On May 17, 2021, more than 15 years after Appellant was convicted, Appellant filed a "Motion to Rescind and/or to Correct the Order to Withdraw Funds." On December 21, 2021, Appellant filed a "Supplemental Motion to Rescind and/or Correct the Order to Withdraw Funds." Thereafter, on June 12, 2023, the trial court denied Appellant's December 21, 2021 motion as moot.

This appeal ensued. We affirm.

Appellant raised five issues in this appeal: the first three issues assert complaints about the assessment of various costs following his conviction; the fourth issue relates to whether Appellant had due process regarding his complaints about various costs assessed; and the fifth issue relates to the trial court's order designating the costs uncollectible. We address the first four issues together. The fifth issue is addressed separately.

**ISSUES 1 THROUGH 4: DUE PROCESS AND ASSESSED COSTS**

Since the recovery of court costs is "a civil post-judgment collection action that is (1) distinct from the underlying criminal judgments assessing [a defendant's] conviction, sentence, and court costs, and (2) aimed at seizing funds to satisfy the monetary portions of those judgments[,]" the Texas Supreme Court has held that in order to satisfy due process requirements, an inmate is entitled to receive notice of the withdrawal order and an opportunity to be heard. *Harrell v. State*, 286 S.W.3d 315, 319, 321 (Tex. 2009). Neither need occur before the funds are withdrawn. *Id*. at 321. In this case, Appellant's right to due process was satisfied when Appellant received notice of the withdrawal order on February 1, 2006 and had an opportunity to be heard through his motion to rescind.

As to Appellant's complaints regarding various costs assessed, the means to challenge the assessment of costs is not through a challenge to the withdrawal order. *See id*. at 320-321. Rather, Appellant had three distinct avenues to challenge the costs assessed against him. First, Appellant could have timely raised his complaint through his direct appeal of his conviction. *London v. State*, 490 S.W.3d 503, 508-509 (Tex. Crim. App. 2016); *see Johnson v. State*, 423 S.W.3d 385, 396 (Tex. Crim. App. 2014) (Cochran, J., concurring). Appellant also could have, within one year of the date of the final disposition

of his case, filed a motion to correct the court costs. TEX. CODE CRIM. PROC. art. 103.008; *London*, 490 S.W.3d at 508, n. 5; *see Johnson*, 423 S.W.3d at 395. Third, Appellant could have filed a civil lawsuit within the appropriate limitations period. *London*, 490 S.W.3d at 508, n. 5.

However, Appellant followed none of these avenues to challenge the assessed costs. Because of his own delays, Appellant has waived these complaints. Issues 1 through 4 are overruled.

**ISSUE 5: CONTINUED WITHDRAWAL OF FUNDS**

On June 12, 2021, the same day that the trial court denied the Appellant's motion to rescind the withdrawal order as moot, the trial court also signed an "Order Designating Fees Uncollectible."

We note that article 103.0081(a) of the Texas Code of Criminal Procedure provides that "[a]ny officer authorized by this chapter to collect a fine, reimbursement or other fee, or item of cost may request the trial court in which a criminal action or proceeding was held to make a finding that a fine, reimbursement or other fee, or item of costs imposed in the action or proceeding is uncollectible if the officer believes: (3) the fine, reimbursement or other fee, or item of costs has been unpaid for at least 15 years." TEX. CODE CRIM. PROC. art. 103.081(a). Officers authorized by Chapter 103 of the Texas Code of Criminal Procedure to collect fees include District Attorneys, but do not include

Appellant in this case. *Id.* art. 103.003(a).

On June 12, 2023, the McLennan County District Attorney's Office filed a "Request to Find the Court Costs Uncollectible" in this case on the basis that "[t]he fine, reimbursement or other fee or item of cost has been unpaid for at least 15 years." On that same date, the trial court signed the "Order Designating Fees Uncollectible" on the very basis cited by the District Attorney and directed the district clerk to designate the "fine, reimbursement or other fee, or item of cost as uncollectible in the fee record." Thus, the trial court granted the ultimate relief Appellant sought but had no standing to seek.

Appellant's fifth issue on appeal is a complaint that funds continue to be withdrawn from his inmate trust account by the Texas Department of Criminal Justice without regard to the trial court's order designating the fine, reimbursement or other fee or item of cost uncollectible. This is not a proper complaint to raise in this appeal.

Generally, a trial court may enforce its own judgment or order, and that power may last until the judgment or order is satisfied. *See Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.,* 540 S.W.3d 577, 581 (Tex. 2018). Accordingly, Appellant's remedy is not to appeal the failure of the implementation of the trial court's order to this Court, but rather, to seek his relief from the trial court. Issue 5 is overruled.

Having overruled each issue on appeal, we affirm the trial court's "Order on Motion to Rescind Court Costs."

_____

LEE HARRIS
Justice

OPINION DELIVERED and FILED:  August 28, 2025

Before Justice Smith,
      Justice Harris, and
      Senior Chief Justice Rose[1]

Affirmed

CV06



---

[1] The Honorable Jeff Rose, Senior Chief Justice (Retired) of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.