

# NUMBER 13-18-00191-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI–EDINBURG

---

**TIMOTHY JAMES MILLER,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

---

**On appeal from the 435th District Court
of Montgomery County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Perkes
Memorandum Opinion by Justice Perkes[1]**

A jury found appellant Timothy James Miller guilty of continuous sexual abuse of

a child. *See* TEX. PENAL CODE ANN. § 21.02. The trial court assessed punishment at life

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T. CODE ANN. § 73.001.

imprisonment in the Texas Department of Criminal Justice, Institutional Division. *See id.* § 21.02(h). By one issue, Miller appeals the trial court's denial of his motion for mistrial. We affirm.

## I. PROCEDURAL BACKGROUND

Miller was accused of sexually abusing his nine-year-old niece, R.O.[2] R.O. eventually confided in her mother, C.O. Within minutes of hearing her daughter's outcry, C.O. called 9-1-1. At trial, the State admitted into evidence the 9-1-1 call recording, the supporting business affidavit, and the call detail report. Page two of the call report, in part, contained the following information: "****ACTOR IN ABLE TERM SHOWING CAUTION REGISTERED SEX OFFENDER 20:04:43 03/16/2017 – ROBERTS C." The documents were tendered to Miller's counsel for review, and counsel stated, "No objections." There was no other mention of the report until jury deliberations.

An hour and a half into deliberations, the trial court received a note from the jury and convened the parties for a bench conference. The trial court read the jury's note into the record: "In State's Exhibit 9, the transcript of [9-1-1] call, the entry 20:04:26, 03-16-2017, parentheses, actor in Able Term showing caution registered sex offender, closed parentheses. What does this mean?" Miller immediately moved for a mistrial on the grounds of improperly admitted extraneous-offense evidence in violation of his previously granted motion in limine. The court then interrupted the parties to notify them that in the fifteen minutes that had elapsed between the jury's submission of the note and the bench conference, the jury had reached a verdict.

---

[2] We use initials to refer to minor victims to protect their privacy. *See* TEX. R. APP. P. 9.8 cmt. ("The rule [protecting the privacy for filed documents in civil cases] does not limit an appellate court's authority to disguise parties' identities in appropriate circumstances in other cases."); *Salazar v. State*, 562 S.W.3d 61, 63 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.).

The State requested an instruction "for the jurors to disregard any evidence about sex offender registration." Miller reurged his motion for mistrial and "object[ed] to sending anything back at all." The trial court subsequently denied Miller's motion for mistrial and instructed the jury that "they [were] only to consider the instructions that they have been given within the Court's charge and to continue their deliberations . . . ." The court's instruction was sent back to the jury. Five minutes later, the court returned on the record to notify the parties that a verdict had been reached.

The jury found the defendant guilty of continuous sexual abuse of a child, he was sentenced to life imprisonment, and this appeal followed.

## II. STANDARD OF REVIEW

A trial judge's denial of a motion for mistrial is reviewed under an abuse of discretion standard. *Archie v. State*, 340 S.W.3d 734, 739 (Tex. Crim. App. 2011). We will uphold a trial court's decision when that decision is within the zone of reasonable disagreement. *See Pierson v. State*, 426 S.W.3d 763, 774 (Tex. Crim. App. 2014) ("[A]lthough a reviewing court may be required to accord great deference to the ruling of a trial court granting a mistrial, that trial court's ruling is not insulated from appellate review."); *see also Renico v. Lett*, 559 U.S. 766, 774 (2010) ("The decision to declare a mistrial is left to the 'sound discretion' of the judge, but 'the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes.'" (quoting *U.S. v. Perez*, 22 U.S. 579, 580 (1824))).

## III. APPLICABLE LAW & ANALYSIS

Here, the record reflects that: (1) Miller did not object to the admission of the at-issue evidence during the State's direct examination; (2) Miller only moved for mistrial

after both sides had closed and the jury was in deliberations, on the basis of improperly admitted extraneous offense in contravention of Miller's previously granted motion in limine; and (3) Miller objected to the court's imposition of a lesser remedy. We address each of these undisputed facts and associated implications in turn.

## A.     Preservation

As a threshold matter, we must first consider whether appellant preserved his complaint for appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016).

In our criminal justice system, the proponent's burden of establishing the admissibility of proffered evidence is not triggered "unless and until" the opponent of the evidence raises "a specific objection" to such evidence "as soon as the grounds for it become apparent." *White v. State*, 549 S.W.3d 146, 151–52 (Tex. Crim. App. 2018); *see also London*, 490 S.W.3d at 507 (providing that the phrase "as soon as the grounds for it become apparent" means "as soon as the [objecting party] knows or *should know* that an error has occurred." (emphasis added) (quoting *Hollins v. State,* 805 S.W.2d 475, 476 (Tex. Crim. App. 1991))). Therefore, unless the objectionable event was unforeseeable, "the failure to make a timely, specific objection prevents appellate review." *Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007).

The complained-of evidence here was not the unforeseeable kind. *See id.* Neither party disputes that the exhibits were tendered to Miller's counsel for review before their admittance, and counsel affirmatively denied any objection, stating "No objections." At that point, the evidence that Miller would later use as a basis for a mistrial first became apparent, he should have known that an error occurred, and his "No objections" comment

4

waived any error arising from the submission of the exhibits to the jury. *See London*, 490 S.W.3d at 507; *Griggs*, 213 S.W.3d at 927; *see, e.g.*, *Niles v. State*, No. 09-11-00577-CR, 2013 WL 5425555, at *2 (Tex. App.—Beaumont Sept. 25, 2013, no pet.) (mem. op., not designated for publication) (providing that where an attorney stated he had no objection to a jury being shown a DVD containing extraneous offense statements because he mistakenly believed the DVD to be redacted but did not confirm redaction, "the DVD was admitted for all purposes, . . . anything in it was properly before the jury," and it could not be the basis for appellant's mistrial). Although Miller argues that the evidence was mistakenly admitted without objection, we have found no cases, and Miller provides us with none, which would carve out an exception to our preservation precedent for this "inadvertent inclusion of inadmissible evidence."[3] *See generally Hernandez v. State*, 538 S.W.3d 619, 622 (Tex. Crim. App. 2018) ("Failure to insist upon a right 'by objection, request, motion, or some other behavior calculated to exercise the right . . .' results in the loss of the claim." (internal citations omitted)); *Saldano v. State*, 70 S.W.3d 873, 889 n. 73 (Tex. Crim. App. 2002) (listing evidence of extraneous offenses among the examples of complaints forfeited by failure to object). We conclude Miller's complaint concerning improperly admitted extraneous-offense evidence was untimely and thus forfeited. *See* TEX. R. APP. P. 33.1(a)(1).

---

[3] We additionally note that Miller argues on appeal that although he declined to object to the evidence in question during the State's direct examination, he had filed a motion in limine pertaining to the admission of extraneous offenses and the State had agreed to abide by that motion in limine. *See Griggs v. State*, 213 S.W.3d 923, 926–27 (Tex. Crim. App. 2007). The court in *Griggs* reiterated long-standing precedent concerning extraneous-offense evidence in the context of a motion in limine: whether granted or denied, a motion in limine does not take place of an objection at trial and alone preserves nothing for appellate review. *Id.* at 926 n.1.

**B.    Lesser Alternatives**

Assuming, without deciding, that the issue had been preserved, our scope of review is nonetheless limited to "whether the trial court erred in not taking the most serious action of ending the trial," because Miller's first and only request was to move for a mistrial, and mistrials are a drastic remedy of last resort.   *See Young v. State*, 137 S.W.3d 65, 70 (Tex. Crim. App. 2004); *see also Ocon v. State*, 284 S.W.3d 880, 884–85 (Tex. Crim. App. 2009) ("When the movant does not first request a lesser remedy, we will not reverse the court's judgment if the problem could have been cured by the less drastic alternatives.").    A mistrial is therefore only necessitated where a reference to an extraneous offense was "'clearly calculated to inflame the minds of the jury or was of such damning character as to suggest it would be impossible to remove the harmful impression from the jurors' minds.'"    *Young*, 283 S.W.3d at 878 (quoting *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998)).

Here, Miller objected to the submission of any jury instruction, including the State's request for an instruction to disregard, arguing that there was no instruction which could have ameliorated the harm already imposed.   *See Ocon*, 284 S.W.3d at 887.   However, the extraneous-offense evidence at-issue is the phrase "actor in able term showing caution registered sex offender."   The trial court reasoned that this phrase was confusing and its effect was prejudicially inconsequential due to its technical nature, as further evidenced by the jury's question:   "[W]hat does this mean?"   We agree.

This statement in isolation—uninvited, ambiguous, and lacking embellishment—does not rise to the level of inflammatory, lasting impressionability.   *See Young*, 283 S.W.3d at 878; *see, e.g.*, *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992)

6

(finding that an "uninvited and unembellished reference to appellant's prior incarceration—although inadmissible—was not so inflammatory as to undermine the efficacy of the trial court's instruction to disregard."); *Cooper v. State*, 901 S.W.2d 757, 759 (Tex. App.—Beaumont 1995, pet. dism'd) (holding that trial court's instruction to disregard a State's witness's testimony that the appellant "bragged he killed a police officer one time," while appellant was on trial for aggravated sexual assault involving separate minor victims, sufficiently cured any prejudicial effects which arose); *see also Mitchell v. State*, No. 09-05-289-CR, 2006 WL 2075204, at *6 (Tex. App.—Beaumont July 26, 2006, no pet.) (mem. op., not designated for publication) (holding that where the "extraneous offense was not more heinous or inflammatory than the charged offense" and where the State did "not emphasize the improper testimony to the jury and the [witness] did not elaborate further, a trial court's instruction to disregard was appropriate).

We find that a lesser, un-requested alternative would have cured any error in this case. *See Ocon*, 284 S.W.3d at 887; *Young*, 283 S.W.3d at 878. Therefore, the trial court did not abuse its discretion in its decision to deny Miller's request for mistrial. *See Pierson*, 426 S.W.3d at 774. Miller's sole point on appeal is overruled.

### III. Conclusion

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
17th day of October, 2019.

7