

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00352-CR

**TOMETHEUS LEE BRYANT,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 77th District Court
### Limestone County, Texas
### Trial Court No. 14397-A

## OPINION ON REMAND[1]

Tometheus Lee Bryant was convicted of assault on a family/household member

with a previous conviction and was sentenced by the trial court to eight years in prison.

We affirm the trial court's judgment.

---

[1] Our original memorandum opinion in this case was delivered on January 8, 2020. *Bryant v. State*, No. 10-18-00352-CR, 2020 Tex. App. LEXIS 100 (Tex. App.—Waco Jan. 8, 2020). The Court of Criminal Appeals vacated our judgment on May 12, 2021. *See Bryant v. State*, No. PD-0092-20, 2021 Tex. Crim. App. Unpub. LEXIS 405 (Tex. Crim. App. May 12, 2021) (per curiam). Because we apply a rule recently established by the Court of Criminal Appeals to a novel fact situation likely to recur in future situations, we have designated this as an Opinion for publication. *See* TEX. R. APP. P. 47.4(a) and 47.2(b).

Bryant's appointed counsel filed a motion to withdraw and an *Anders* brief in support of the motion asserting that counsel has diligently reviewed the appellate record and that, in counsel's opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel's brief evidences a professional evaluation of the record for error and compliance with the other duties of appointed counsel. We conclude that counsel has performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319-320 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744; *see Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). In our review, we have paid particular attention to the issues identified in appellant's pro se response to counsel's brief in support of the motion to withdraw. After a review of the entire record in this appeal, we have determined the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

In briefing on remand, the parties agree that, pursuant to the Court of Criminal Appeals' opinion in *Dulin v. State*, 620 S.W.3d 129, 134 (Tex. Crim. App. 2021), the assessment of a $25.00 time-payment fee in this case was premature. Thus, the parties

request that we modify the trial court's judgment by deleting the $25.00 time-payment fee from the costs that the district clerk may collect and affirm the trial court's judgment as modified. After reviewing the caselaw and the record in this case, we agree that the conditional inclusion of a time-payment fee in the bill of cost by the clerk is premature.

We note that the judgment in this case does not contain an erroneous assessment of the time-payment fee.

The trial court included in its judgment an assessment of $354.00 as court cost. The bill of cost, dated the day after the date the sentence was imposed, identified the details of $354.00 in court cost. In the paragraph after the total court cost amount of $354.00, the clerk added the text, "After November 18, 2018, a Time Payment fee of $25.00 should be assessed to the fees above (meaning the $354.00 assessed costs) if costs are NOT paid in full." The next line in the bill of cost specified, "Total after 30 days: $379.00." This amount includes the $25.00 time-payment fee contingent upon Bryant's failure to pay court costs in full by November 18, 2018, 31 days after the date the sentence was imposed; but the $25.00 time-payment fee was not included in the amount assessed as court cost in the trial court's judgment.

Our reading of *Dulin*, in connection with *London*, *Johnson,* and certain provisions of the Texas Code of Criminal Procedure regarding the collection of court costs, lead us to conclude that we are authorized on direct appeal to order a modification of a bill of costs independent of finding an error in the trial court's judgment. *See* TEX. CODE CRIM. PROC. arts. 103.001, 103.003, 103.006, and 103.008; *Dulin v. State*, 620 S.W.3d 129 (Tex. Crim. App. 2021); *London v. State*, 490 S.W.3d 503, 508 n.5 (Tex. Crim. App. 2016), *Johnson*

*v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). *See also Dority v. State*, No. 11-19-00236-CR, 2021 Tex. App. LEXIS 5833, *29 (Tex. App.—Eastland July 22, 2021, no pet. h.) (publish). Thus, in accordance with *Dulin*, we modify the certified bill of cost in this case by striking the conditional time-payment fee "in [its] entirety, without prejudice to [it] being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes." *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Because the time-payment fee is not included in the amount of court cost assessed in the judgment, the trial court's judgment is affirmed without modification.

Counsel's motion to withdraw from representation of Bryant is granted, and counsel is discharged from representing Bryant.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Rose[2]
Bill of cost modified
Judgment affirmed
Motion granted
Opinion delivered and filed July 28, 2021
Publish
[CR25]



---

[2] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.