**Opinion issued September 16, 2021**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-01019-CR

————————————

**JONATHON LEE FLEETWOOD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1602844**

---

## MEMORANDUM OPINION

Appellant Jonathon Lee Fleetwood appeals his conviction for the felony

offense of manslaughter.[1] In a single issue, Fleetwood contends his 12-year sentence

---

[1]    *See* TEX. PENAL CODE § 19.04.

constitutes cruel and unusual punishment under the Eighth Amendment of the United States Constitution.[2] Because we agree with the State that Fleetwood has not preserved his Eighth Amendment claim for appellate review, we affirm.

## Background

A grand jury indicted Fleetwood for manslaughter, a second-degree felony, for recklessly causing the death of the complainant, B. McCoy. The indictment was enhanced with a paragraph alleging that Fleetwood used or exhibited a deadly weapon—a firearm—during the commission of the offense and in immediate flight from the offense.

Fleetwood waived his right to a trial by jury and pleaded "guilty" to manslaughter and "true" to the deadly-weapon enhancement paragraph, without an agreement with the State as to punishment. Fleetwood requested that the trial court, after a presentence investigation, assess punishment, and he applied for community supervision. After a Presentence Investigation Report ("PSI") was prepared, the trial court conducted a hearing at which the PSI was admitted into the evidence. In addition, the complainant's mother testified about the emotional impact of the complainant's death, and Fleetwood testified about the commission of the offense. At the conclusion of the hearing, the trial court announced Fleetwood's sentence of 12 years' confinement. After the trial court announced his sentence, Fleetwood made

---

[2]    *See* U.S. CONST. amend. VIII.

no objection to the punishment assessed, nor did he file a motion for new trial objecting to the punishment.

Fleetwood appealed, arguing that the 12-year sentence violated the Eighth Amendment's prohibition against cruel and unusual punishments. The State responded that the appeal should be dismissed because the plea documentation and the trial court's judgment recited that Fleetwood had waived his right of appeal. This Court abated the appeal and remanded the case to the trial court for a hearing to determine Fleetwood's right of appeal.

The trial court conducted a hearing at which the parties agreed Fleetwood had not waived his right of appeal. During this hearing Fleetwood objected for the first time to his 12-year sentence. His counsel stated that he "wanted to state [his] objections to the sentence of 12 years . . . issued in this particular case . . . and have that noted for the record that [he] does object to the [c]ourt's sentencing[.]" The trial court acknowledged the objection but did not rule on it, explaining: "[T]his [abatement] hearing was to resolve a specific issue. And we are all in agreement that [Fleetwood] does have the right of appeal." Upon receipt of the trial court's certification of Fleetwood's right of appeal, this Court reinstated his appeal.

## Preservation of Eighth Amendment Complaint

Fleetwood contends the trial court's 12-year sentence, although within the punishment range provided for this offense,[3] violates the prohibition against cruel and unusual punishments in the Eighth Amendment. *See* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."). Although Fleetwood acknowledges that Texas courts have held that a sentence assessed within the punishment range prescribed by the Legislature is not excessive, cruel, or unusual, he points out that a narrow exception to this rule exists when the sentence assessed is grossly disproportionate to the crime. *See Solem v. Helm*, 463 U.S. 277, 288 (1983); *see also Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (instructing that Eighth Amendment "requires that a criminal sentence be proportionate to the crime for which a defendant has been convicted"). The State responds that Fleetwood did not preserve his Eighth Amendment complaint for appellate review because he did not make a timely or specific objection in the trial court. We agree.

"[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant

---

[3] Manslaughter is a second-degree felony. TEX. PENAL CODE § 19.04(b). "An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years," and "may be punished by a fine not to exceed $10,000." *Id.* § 12.33.

must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *Noland*, 264 S.W.3d at 151 (citing TEX. R. APP. P. 33.1(a)); *see also Cantley v. State*, No. 01-09-00048-CR, 2009 WL 3930782, at *3–4 (Tex. App.—Houston [1st Dist.] Nov. 19, 2009, no pet.) (mem. op., not designated for publication) (holding that defendant waived Eighth Amendment claim by failing to object at punishment hearing or in motion for new trial); *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (same); *Solis v. State*, 945 S.W.2d 300, 301–02 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (same). An objection is timely if it is made as soon as the ground for the complaint becomes apparent, meaning "as soon as the [objecting party] knows or should know that an error has occurred." *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016) (internal quotation omitted). The objection must also be specific. *See Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) (instructing that legal basis for objection must be specifically stated); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990) ("In order for an issue to be preserved on appeal, there must be a timely objection which *specifically* states the legal basis for the objection." (emphasis added)).

Here, Fleetwood did not object on Eighth Amendment grounds, nor did he object that his sentence was "grossly disproportionate," at either the punishment hearing or in a motion for new trial. Fleetwood objected to his punishment for the

first time only after his conviction was on appeal, when this Court entered an order of abatement and remanded the case to the trial court for the limited purpose of certifying Fleetwood's right to appeal. *See Nava v. State*, 480 S.W.3d 759, 763 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (citing TEX. R. APP. P. 25.2(g) for principle that "[a] pending appeal suspends all proceedings in the trial court except those ordered by the Court of Appeals"). But Fleetwood did not state the specific ground for his objection—that the punishment was "grossly disproportionate" or cruel and unusual under the Eighth Amendment—at the abatement hearing. *See Rhoades*, 934 S.W.2d at 119; *Rezac*, 782 S.W.2d at 870. And the trial court, recognizing the limited purpose of the abatement hearing, did not rule on the objection. *See Nava*, 480 S.W.3d at 763 (holding that "[w]hen an appeal is abated, the trial court regains limited jurisdiction" and may not consider matters not included within abatement order). In sum, Fleetwood did not make a timely or specific objection or obtain a ruling on his Eighth Amendment complaint; therefore, we hold that he has not preserved this complaint for appellate review. *See* TEX. R. APP. P. 33.1(a); *see also Noland*, 264 S.W.3d at 152; *Wynn*, 219 S.W.3d at 61; *Solis*, 945 S.W.2d at 301–02.

We overrule Fleetwood's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Amparo Guerra
Justice

Panel consists of Chief Justice Radack and Justices Rivas-Molloy and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).