

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00182-CR

**SHAKITHIA COUNCIL,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2015-1946-C1

## MEMORANDUM OPINION

Appellant, Shakithia Council, was charged by indictment with evading arrest or detention with a vehicle. *See* TEX. PENAL CODE ANN. § 38.04. As part of a plea bargain with the State, appellant pleaded guilty to the charged offense. The trial court accepted appellant's guilty plea, found her guilty, and sentenced her to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court then suspended the sentence, placed appellant on community-supervision-probation for

five years, and assessed all court-appointed attorney's fees, investigator's fees, and interpreter's fees as court costs. The trial court also required appellant to pay various costs associated with her community-supervision-probation. Because appellant had waived her right to appeal as part of her plea bargain with the State, the trial court certified that appellant had no right of appeal.

Thereafter, the State filed a motion to revoke appellant's community-supervision-probation alleging thirteen violations of the terms and conditions of her community-supervision-probation, including the commission of three new criminal offenses. At the hearing on the State's motion to revoke, appellant pleaded "true" to allegations 2 and 4 through 13 in the State's motion to revoke. The trial court accepted appellant's plea of "true" to allegations 2 and 5 through 13, found those allegations were true, granted the State's motion to revoke, and sentenced appellant to five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court also assessed statutory court costs. Appellant appeals from the revocation of her community-supervision-probation. We affirm the trial court's judgment.

**Pertinent Procedural Background**

- Appellant's appointed counsel has filed a motion to withdraw and an *Anders* brief in support of the motion asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous.

- In his *Anders* brief, appellant's appointed counsel did not raise any potential reversible or nonreversible error.

- In his motion to withdraw, appellant's appointed counsel indicated that he provided appellant with a copy of the motion to withdraw and the *Anders* brief, and he provided appellant with a "Motion for Access to Appellate Record" and instructions on how to request access to the appellate record. Appointed counsel also informed appellant of her rights to continue this appeal *pro se*, as well as instructions regarding her right to file a petition for discretionary review in the Court of Criminal Appeals.

- Appellant has neither requested a copy of the record, nor has she filed a *pro se* response.

### *Anders* **Review**

Counsel's brief evidences a professional evaluation of the record for error and compliance with the other duties of appointed counsel. We conclude that counsel has performed the duties required of appointed counsel. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967); *see also Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings . . . decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 351, 102 L. Ed. 300, (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10 (1988). After a review of the entire record in this appeal, we have determined that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *see also Cummins v. State*, No. 10-21-00303-CR,

___ S.W.3d ___, 2022 Tex. App. LEXIS 3232, at *26 (Tex. App.—Waco May 11, 2022, no pet. h.) (publish).  Counsel's motion to withdraw from representation is granted.

## Nonreversible Error Detected

Despite finding no reversible error in this record, we have identified nonreversible error that is preserved or not subject to procedural default but was not raised by counsel. *See Pena v. State*, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006); *see also Cummins*, ___ S.W.3d ___, 2022 Tex. App. LEXIS 3232, at **19-20.

The March 10, 2022 certified, itemized bill of costs shows that appellant was assessed a $25 time-payment fee, as notated in the certified, itemized bill of costs as a $2.50 Administration Justice Fee, $10 Time Payment Fees, and $12.50 Time Payment-State Fee.[1]  Regarding the time-payment fee, the Court of Criminal Appeals has recently held that the pendency of an appeal stops the clock for purposes of the time-payment fee. *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021).  Consequently, the assessment of the $25 time-payment fee in this case is premature and should be struck in its entirety. *See id.*

Additionally, the March 10, 2022 certified, itemized bill of costs indicates the following:  "If total court costs, reimbursement fees, fines and costs are not paid within 30 days of the Judgment, an additional Time Payment Fee of $15.00 will be assessed pursuant to the applicable Statutes and related case law.  (CCP § 102.030)." *See* TEX. CODE

---

[1] The judgment only assessed statutory court costs.

CRIM. PROC. ANN. art. 102.030. Here, the judgment was signed on July 14, 2021. Thus, based on the language contained in the March 10, 2022 certified, itemized bill of costs, appellant is subject to an additional $15 time-payment fee, if she failed to pay court costs in full by August 14, 2021, thirty-one days after the date the sentence was imposed. Based on *Dulin*, this conditional $15 time-payment fee should also be struck in its entirety. *See Dulin*, 620 S.W.3d at 133.

This Court has determined that a fair reading of *Dulin*, *London*, *Johnson*, and certain provisions of the Texas Code of Criminal Procedure regarding the collection of court costs leads us "to conclude that we are authorized on direct appeal to order a modification of a bill of costs independent of finding an error in the trial court's judgment." *Bryant v. State*, No. 10-18-00352-CR, ___ S.W.3d ___ 2021 Tex. App. LEXIS 6000, at *3 (Tex. App.—Waco July 28, 2021, no pet.) (op. on remand) (publish) (citing TEX. CODE CRIM. PROC. ANN. arts. 103.001, 103.003, 103.006, 103.008; *Dulin*, 620 S.W.3d at 133; *London v. State*, 490 S.W.3d 503, 508 n.5 (Tex. Crim. App. 2016); *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014); *Dority v. State*, 631 S.W.3d 779, 794 (Tex. App.—Eastland 2021, no pet.)). Therefore, in accordance with *Dulin*, we modify the March 10, 2022 certified, itemized bill of costs by striking the $25 time-payment fee, as notated in the certified, itemized bill of costs as a $2.50 Administration Justice Fee, $10 Time Payment Fees, and $12.50 Time Payment-State Fee, and the conditional $15 time-payment fee "in their entirety, without prejudice to" the $25 time-payment fee '"being assessed later if, more than 30 days after

issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that [s]he owes." *Dulin*, 620 S.W.3d at 133.

The $15 time-payment fee may not be assessed at a later date because the trial court found appellant guilty of the charged offense and placed her on community supervision on June 6, 2016. However, it was not until 2019, when the Legislature transferred section 133.013 of the Local Government Code to article 102.030 of the Code of Criminal Procedure and provided for the $15 time-payment fee. Act of June 15, 2019, 86th Leg., R.S., ch. 1352, § 2.54, 2019 Tex. Gen. Laws 1352. Because there is no language in article 102.030 indicating that the 2019 amendments are retroactive, appellant cannot be charged the $15 time-payment fee.

## Conclusion

Based on the foregoing, we modify the March 10, 2022 certified, itemized bill of costs to delete the $25 time-payment fee and the conditional $15 time-payment fee. Because neither time-payment fee was included in the amount of court costs assessed in the judgment, we affirm the judgment of the trial court without modification.

STEVE SMITH
Justice

Before Chief Justice Gray,
Justice Johnson, and
Justice Smith

Judgment affirmed; bill of costs modified; motion to withdraw granted

Opinion delivered and filed May 25, 2022

Do not publish

[CR25]

