

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00375-CR

MICHAEL ALLISON,

                                                                Appellant

 v.

THE STATE OF TEXAS,

                                                                Appellee

**From the 77th District Court
Freestone County, Texas
Trial Court No. 18-113-CR**

## O P I N I O N

Appellant, Michael Allison, was charged by indictment with eight counts of tampering with oil and gas wells, a third-degree felony. *See* TEX. NAT. RES. CODE ANN. § 85.389(a). In an open plea, appellant pleaded "guilty" to the charged offense and "true" to an enhancement paragraph contained in the indictment. The trial court accepted appellant's plea, found appellant guilty of the charged offense, and found that the enhancement was "true." In one judgment, the trial court sentenced appellant to eighteen

years' imprisonment on each count, ordered appellant to pay $3,987 in restitution to XTO Energy, and assessed $343 in court costs. The trial court also ordered that the imposed sentences run concurrently. Appellant appeals from this judgment. We affirm as modified.

## Pertinent Procedural Background

- Appellant's appointed counsel has filed a motion to withdraw and what we now call an *Allison* brief in support of the motion asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous. *See Allison v. State*, 609 S.W.3d 624, 628 (Tex. App.—Waco 2020, order).

- In his *Allison* brief, appellant's appointed counsel did not raise any potential reversible error, but he did present several nonreversible errors in the judgment.

- In his motion to withdraw, appellant's appointed counsel indicated that he provided appellant with a copy of the motion to withdraw and the *Allison* brief, and he provided appellant with a pro forma motion to access the appellate record, as well as instructions regarding how to continue this appeal *pro se* and his right to file a petition for discretionary review.

- Appellant has neither requested a copy of the record, nor has he filed a *pro se* response.

- The State has not filed a response to appointed counsel's *Allison* brief.

Counsel's brief evidences a professional evaluation of the record for error and compliance with the other duties of appointed counsel. We conclude that counsel has performed the duties required of appointed counsel. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967); *see also Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must "after a full examination of all the proceedings . . . decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 351, 102 L. Ed. 2d 300 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10 (1988). After a review of the entire record in this appeal, we have determined that the appeal is wholly frivolous, meaning that there is no reversible error in this record. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *see also Cummins v. State*, No. 10-21-00303-CR, ___ S.W.3d ___, 2022 Tex. App. LEXIS ___, at *___ (Tex. App.—Waco May 11, 2022, no pet. h.). Counsel's motion to withdraw from representation is granted.

**Response to the Dissent**

Although neither of Allison's court-appointed appellate lawyers did so, the dissent has identified purported reversible error regarding the assessment of restitution as part of the independent review required under *Anders*. Because we do not agree that this record contains reversible error, we feel compelled to respond to the contentions made in the dissent.

The dissent correctly notes that restitution is punishment; punishment must be pronounced as part of the sentencing process; and that pronouncement of a defendant's sentence must be done with the defendant present. However, our disagreement centers

on how to characterize the trial court's statements in this record and the impact of the trial court's statements.

At the outset, we note that Allison entered an open plea in this case. In the plea papers he signed, Allison "in writing and in open Court, waive[d] any and all rights and time limits (pre- and postconviction) secured him by law, whether of substance, or procedure, and states that any error which may have been committed is harmless." Additionally, the record shows that Allison voluntarily absented himself from the initial punishment hearing conducted on September 23, 2019. Although the trial court did assess sentence, including restitution, at the hearing where Allison voluntarily absented himself, the trial court conducted a sentencing hearing on October 8, 2019, and recited his assessment of punishment along with restitution of $3,987 from the September 23, 2019 hearing. The written judgment included the $3,987 in restitution. The trial court then asked Allison if there was any legal reason barring the imposition of sentence. Allison responded with excuses for his prior absence, including him being scared and drug abuse. The trial court then sentenced Allison to eighteen years in the penitentiary having ordered restitution.

A fair reading of the record demonstrates that Allison's sentence, including restitution, was pronounced in his presence and that he was provided an opportunity to allocute at the October 8, 2019 hearing held in his presence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) ("Except as provided in Article 42.14, sentence shall be pronounced

in the defendant's presence."); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (noting that oral pronouncement of sentence in the presence of the defendant is necessary because "the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence"); *see also Hodge v. State*, No. 10-19-00415-CR, 2022 Tex. App. LEXIS 1280, at **9-10 (Tex. App.—Waco Feb. 23, 2022, no pet.) (mem. op., not designated for publication) (failing to find error where the defendant's sentence was not initially pronounced in his presence, but after the appeal was abated to the trial court, the defendant's sentence was pronounced in his presence); *Pickle v. State*, No. 07-15-00021-CR, 2015 Tex. App. LEXIS 6149, at **4-5 (Tex. App.—Amarillo June 17, 2015, no pet.) (mem. op., not designated for publication). As such, we disagree with the dissent that there is even arguable reversible error in this record. Thus, we see no need to abate and remand for the appointment of a third lawyer to review this frivolous appeal.

### Nonreversible Error Detected

Despite finding no reversible error in this record, appointed counsel has presented several nonreversible errors that we recognize as Category 2 nonreversible errors that are unpreserved, but not subject to procedural default. *See London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016); *Johnson v. State*, 423 S.W.3d 385, 390-91 (Tex. Crim. App. 2014); *see also Cummins*, ___ S.W.3d ___, 2022 Tex. App. LEXIS ___, at *___.

In his matter, appointed counsel asserts that the judgment and bill of costs should be modified to delete the $20 "SHERIFF[']S BAILIFF FEE" and the $34 DNA fee. Additionally, counsel challenges the time-payment fee. Finally, counsel contends that the judgment should reflect that appellant was convicted under section 85.389(a) of the Texas Natural Resources Code, rather than simply, "85.389(a)," as stated in the judgment.

First, regarding the $20 "SHERIFF[']S BAILIFF FEE," we note that there is no basis for the imposition of this cost. Article 102.011 of the Code of Criminal Procedure sets forth fees for various services performed by peace officers. *See* TEX. CODE CRIM. PROC. ANN. art. 102.011. None of these provisions authorize a fee for the services of a bailiff. *Id.* Further, we are not aware of any other statutory provision allowing for the imposition of a sheriff's bailiff fee. Accordingly, we modify the judgment in trial court cause number 18-113-CR to delete the $20 "SHERIFF[']S BAILIFF FEE." *See Hurlburt v. State*, 506 S.W.3d 199, 204 (Tex. App.—Waco 2016, no pet.) (deleting an extradition fee because there was no statutory authorization for the fee and reducing the jury reimbursement fee to correspond with the amount authorized by statute); *see also* TEX. R. APP. P. 43.2(b).

Next, we address the $34 DNA fee. The bill of costs shows the imposition of $34 in court costs associated with "DNA CONVICTION." Because the trial court signed the judgment of conviction on October 8, 2019, we must look at a prior version of article 102.020 of the Code of Criminal Procedure to assess this complaint. The version of article 102.020(a) of the Code of Criminal Procedure in effect at the time of appellant's conviction

provided that: "A person shall pay as a cost of court . . . $34 on placement of the person on community supervision, including deferred community supervision, if the person is required to submit a DNA sample under Article 42A.352." *See* Act of June 14, 2019, 86th Leg., R.S., ch. 1285, § 3, 2019 Tex. Gen. Laws 1285 (formerly TEX. CODE CRIM. PROC. ANN. art. 102.020(a)). In this case, appellant was not placed on community supervision. As such, the imposition of this fee was not authorized. Accordingly, we modify the judgment in trial court cause number 18-113-CR to delete the $34 fee associated with "DNA CONVICTION." *See Hurlburt*, 506 S.W.3d at 204; *see also* TEX. R. APP. P. 43.2(b); *Pfeiffer*, 363 S.W.3d at 599; *French*, 830 S.W.2d at 609.

Regarding appellant's challenge to the time-payment fee, we note that the bill of costs lists a number of costs that amounted to $343 in court costs, which is the amount reflected in the judgment. The time-payment fee is listed on the bill of costs, but it is listed below the calculation of the $343 of imposed court costs. In other words, the time-payment fee was not assessed in the judgment in this case. Therefore, we need not adjust the judgment to delete the time-payment fee, as it was not imposed in the first place. *See Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021) (holding that the pendency of an appeal stops the clock for the purposes of the time-payment fee).

In his final complaint, appellant contends that the judgment does not correctly reflect the operative statute for the offense. With regard to the statute for this offense, the judgment merely states, "85.389(a)." We agree with appellant that this is insufficient. It

is clear from the record, as a whole, that the operative statute for this offense is section 85.389(a) of the Texas Natural Resources Code, and the judgment should reflect as such. *See Hurlburt*, 506 S.W.3d at 204; *see also* TEX. R. APP. P. 43.2(b).

Therefore, based on the foregoing, we modify the trial court's judgment to reflect that appellant was convicted under section 85.389(a) of the Texas Natural Resources Code, and we modify the judgment to delete the $20 "SHERIFF[']S BAILIFF FEE" and the $34 fee associated with "DNA CONVICTION." We affirm the trial court's judgment as modified.[1]

MATT JOHNSON
Justice

Before Chief Justice Gray
      Justice Johnson, and
      Justice Smith
(Chief Justice Gray dissenting)
Affirmed as modified
Opinion delivered and filed October 5, 2022
Publish
[CR25]



---

[1] Based on article 102.073 of the Code of Criminal Procedure and our decision in *Hurlburt v. State*, we reject counsel's assertion that this case needs to be abated and remanded for the trial court to enter separate judgments for each count so that he can challenge court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073 (providing that, in a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess court costs or fees only once against the defendant); *see also Hurlburt v. State*, 506 S.W.3d 199, 203 (Tex. App.—Waco 2016, no pet.) ("Thus, we presume that the Legislature, in using the phrase, 'in a single criminal action' in article 102.073(a), meant the phrase to be interpreted as 'allegations and evidence of more than one offense . . . [which] are presented in a single trial or plea proceedings,' as stated in *Pharr*.").