

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00430-CR

---

JUDITH GARCIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 7160, Honorable Dale A. Rabe, Presiding

---

August 22, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Judith Garcia, pleaded guilty to the offense of knowingly possessing with intent to deliver a controlled substance, methamphetamine, in an amount of four grams or more but less than 200 grams[1] and received deferred adjudication community supervision. Subsequently, the State moved to adjudicate Appellant's guilt. Appellant pleaded not true to the alleged violations. After hearing the evidence, the trial court

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a),(d).

revoked Appellant's community supervision, adjudicated her guilty of the charged offense, and sentenced her to a term of 45 years of confinement in prison.

The order deferring adjudication imposed an $8,000 fine and ordered $180 in restitution. At the punishment phase of the adjudication hearing, however, the trial court did not orally impose a fine or restitution. The written judgment includes restitution of $180 and a fine of $8,000; the bill of costs also includes the $8,000 fine and charges Appellant $35 for a precept. Through three issues, Appellant argues that the judgment should be modified by removing the non-pronounced restitution order and fine, and the bill of costs should be modified by deleting the $8,000 fine and reducing the charge for the precept from $35 to $8. The State does not oppose the relief Appellant seeks.

**Analysis**

A court of appeals possesses authority to modify an incorrect judgment when we have the necessary information to do so. *Campos-Dowd v. State,* No. 07-20-00342-CR, 2021 Tex. App. LEXIS 4553, at *7 (Tex. App.—Amarillo June 9, 2021, no pet.) (per curiam) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993)). "Without the record establishing that Appellant had an opportunity to object to the imposition of court costs in the trial court, we agree that he may present his complaint for the first time on direct appeal." *Paredes-Malagon v. State,* No. 07-22-00016-CR, 2023 Tex. App. LEXIS 228, at *18 (Tex. App.—Amarillo Jan. 12, 2023, no pet.) (mem. op., not designated for publication).[2]

---

[2] Similarly, *see London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016) ("[W]e have consistently held in the context of court-cost challenges that an appellant may not be faulted for failing to object when he or she was simply not given the opportunity to do so.").

Appellant's first and second issues argue that the $180 restitution and $8,000 fine imposed on her should be removed from the judgment and bill of costs because the trial court did not orally pronounce them when imposing sentence. Restitution and fines are punitive in nature and must be included in the oral pronouncement of a sentence.[3] *See Weir v. State,* 278 S.W.3d 364, 366–67 (Tex. Crim. App. 2009). A trial court's pronouncement of sentence; the written judgment, including the assessed sentence, is merely the declaration and embodiment of that oral pronouncement. *Ex parte Madding,* 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). Therefore, when a written judgment differs from the oral pronouncement of sentence, the oral pronouncement controls. *Id*.

Here, the trial court did not orally pronounce a restitution order or fine when adjudicating Appellant's guilt. Therefore, they are not a part of Appellant's sentence. *See Taylor*, 131 S.W.3d at 502. We sustain Appellant's first two issues, and modify the judgment by removing the $180 restitution order and $8,000 fine. We modify the bill of costs removing the $8,000 fine.

In her third issue, Appellant argues that the bill of costs should charge $8.00 for a precept rather than $35.00. While court costs are mandatory under article 42.16 of the Texas Code of Criminal Procedure, courts may only impose costs that are statutorily authorized. *See* Tex. Code Crim. Proc. Ann. arts. 42.16, 103.002; *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). The Texas Government Code authorizes an $8

---

[3] Including fines or restitution in a deferred adjudication order is insufficient under these circumstances, as no sentence is imposed at that time. If the court later adjudicates guilt, it sets aside the entire deferred adjudication order, including any previously imposed fine or restitution. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2003).

fee for issuing subpoenas and writs, which we interpret to include precepts.[4]  TEX. GOV'T

CODE ANN. § 51.318(b) (1–2).  We are not aware of any authority authorizing a $35 charge

for issuing a precept.

We sustain Appellant's third issue.  Because the bill of costs states a charge of $35

for issuing a precept, we modify it to reflect an $8 charge.

### Conclusion

Having sustained Appellant's three issues and modifying the judgment accordingly,

we affirm the trial court's judgment as modified.


Lawrence M. Doss
Justice

Do not publish.

---

[4] "A precept is '[a] writ or warrant issued by an authorized person demanding another's action, such as a judge's order to an officer to bring a party before the court.'"  *Briceno v. State,* 675 S.W.3d 87, 98 n.2 (Tex. App.—Waco 2023, no pet.) (quoting BLACK'S LAW DICTIONARY 1215 (8th ed. 1999)).