Opinion filed July 24, 2025



## In The

# Eleventh Court of Appeals

_____

## No. 11-23-00224-CR

_____

### JOHNNY EDWARDS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. 011064**

### M E M O R A N D U M   O P I N I O N

Appellant, Johnny Edwards, appeals his conviction for harassment in a correctional facility, a third-degree felony enhanced by a prior felony conviction. *See* TEX. PENAL CODE ANN. §§ 12.42(a), 22.11(a), (b) (West 2019). A jury found him guilty of the offense, and the trial court assessed his punishment at imprisonment for fifteen years in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) and a $10,000 fine; the trial court also assessed $355 in court costs and $7,310.50 in attorney's fees. In two issues, Appellant argues that the

trial court erred in its assessment of court-appointed attorney's fees and court costs.[1] We modify and affirm.

## *Background*

On the morning of August 7, 2013, Zachary Orosco was working as a licensed vocational nurse at the Robertson Unit of TDCJ, administering medication at different cell blocks, when an inmate threw feces at him which struck his face and clothes. Justin Tyler, who was employed by TDCJ and escorting Orosco at the time, witnessed the incident. At trial, both Orosco and Tyler identified Appellant as the perpetrator of the Robertson Unit incident. Orosco testified that he had never interacted with Appellant prior to this incident.

Appellant testified at trial that he was unable to recall what precisely transpired that morning. Appellant explained that he had been "going through a form of psychosis," and right before the incident, he had requested to be taken to the "psych hospital." During cross-examination, Appellant was confronted with prior reports of him spraying urine and feces on officers and a nurse when he had been previously incarcerated in 2007, 2008, and 2009.

## *Discussion*

In two issues, Appellant argues that the trial court erred in its assessment of court-appointed attorney's fees and court costs. The State concedes the first issue. For the reasons expounded upon below, we conclude that the trial court erred in its assessment of court-appointed attorney's fees. With respect to Appellant's second issue, we conclude the assessment of court costs, minus the prematurely assessed time payment fee, was proper.

---

[1]Appellant does not challenge the trial court's imposition of a $10,000 fine.

A. *Attorney's Fees*

"An indigent defendant cannot be taxed the cost of his court-appointed attorney unless the trial court finds that the defendant has the financial resources to repay those costs in whole or in part." *Smith v. State*, 631 S.W.3d 484, 501 (Tex. App.—Eastland 2021, no pet.) (first citing *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); and then citing TEX. CODE CRIM. PROC. ANN. arts. 26.05(g), 42A.301(b)(11) (West Supp. 2024)). The trial court must consider a defendant's financial resources and ability to pay in its determination of whether to order the reimbursement of such costs and fees. *Id.*; *see* CRIM. PROC. art. 26.04; *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013). A defendant who has been determined by the trial court to be indigent is "presumed to remain indigent for the remainder of the proceedings in the case unless a material change" in the defendant's financial resources is found to have occurred. *London v. State*, 490 S.W.3d 503, 509 (Tex. Crim. App. 2016) (quoting CRIM. PROC. art. 26.04).

In the present case, the parties agree that Appellant was indigent and represented by appointed counsel at trial. Nonetheless, the trial court ordered unspecified attorney's fees during sentencing. "TBD" is written under "Attorney Fees" in the judgment, and the bill of costs instructs Appellant to pay $7,310.50 in attorney's fees. Nothing in the record indicates that Appellant's financial circumstances ever changed. In fact, Appellant filed a "PAUPER'S OATH ON APPEAL" requesting the appointment of appellate counsel because he remained indigent following trial. The trial court granted this request and appointed appellate counsel. Absent evidence that Appellant had a present ability to pay court-appointed attorney's fees, the trial court's assessment of attorney's fees violates Article 26.05 of the Texas Code of Criminal Procedure. *See Cates*, 402 S.W.3d at 251–52 (discussing Article 26.05(g)'s requirement that the trial court determine a defendant's present ability to reimburse for the cost of court-appointed

3

attorney's fees before those fees can be assessed); *see also Hayes v. State*, No. 11-21-00251-CR, 2023 WL 4002765, at *10–11 (Tex. App.—Eastland June 15, 2023, no pet.) (mem. op., not designated for publication) (concluding the trial court committed error when it assessed court-appointed attorney's fees against an indigent individual and the record contained no indication that the individual did not remain indigent at the time of the appeal). Because there is no evidence in the record establishing that Appellant had a present ability to pay the cost of his court-appointed attorney's fees, we sustain Appellant's first issue, and we modify the trial court's judgment to remove "TBD" under attorney's fees and the district clerk's bill of costs to delete the court-appointed attorney's fees assessed against Appellant.

B. *Court Costs & Other Fees*

We next address the trial court's assessment of consolidated state and local court costs and other fees. Consolidated court costs are legislatively mandated obligations that result from a criminal conviction. *See* TEX. GOV'T CODE ANN. § 51.608 (West 2023); TEX. LOC. GOV'T CODE ANN. §§ 133.102(a)(1) ("A person convicted of an offense shall pay as a court cost, in addition to all other costs . . . $185 on conviction of a felony."), 134.101(a) (West Supp 2024) ("A person convicted of a felony shall pay $105 as a court cost, in addition to all other costs, on conviction."); *see also Bradshaw v. State*, 707 S.W.3d 412, 416–19 (Tex. Crim. App. 2024).

Relevant here, additional statutory fees may be imposed upon conviction, such as a $50 fee for the execution or processing of an issued arrest warrant, capias, or capias pro fine by a peace officer. *See* CRIM. PROC. art. 102.011(a)(2); *see also Ikemere v. State*, No. 14-23-00285-CR, 2025 WL 1033959, at *4 (Tex. App.—Houston [14th Dist.] Apr. 8, 2025, no pet. h.) ("The Court of Criminal Appeals has classified the peace-officer reimbursement statute as a 'mandatory cost,' i.e., a cost that is a 'predetermined, legislatively mandated obligation imposed upon

4

conviction.'" (quoting *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014))). A person convicted of an offense also must pay a time payment reimbursement fee if the person "pays any part of a fine, court costs, or restitution, or another reimbursement fee on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, restitution, or other reimbursement fee." CRIM. PROC. art. 102.030(a); *Dulin v. State*, 620 S.W.3d 129 (Tex. Crim. App. 2021).

The imposition of such costs against a criminal defendant constitutes "a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson*, 423 S.W.3d at 390 (quoting *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011)); *see Allen v. State*, 614 S.W.3d 736, 745 (Tex. Crim. App. 2019) ("It is undisputed that such costs are for the reimbursement of expenses directly incurred in a defendant's prosecution."). "As a result, we review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson* evidentiary-sufficiency principles do not apply." *Johnson*, 423 S.W.3d at 390.

By a single sentence, Appellant challenges the trial court's assessment of court costs and fees totaling $355. However, in his reply brief, Appellant states that he "agrees with the State's briefing that [A]ppellant . . . is liable for the authorized-by-statute court costs in this case." We agree in part. The district clerk's bill of costs here shows that Appellant was assessed consolidated court costs of $290—$185 for state consolidated court costs and $105 for local consolidated court costs—a warrant/capias fee of $50, and a time payment fee of $15. *See* LOC. GOV'T §§ 133.102(a)(1), 134.101(a); CRIM. PROC. arts. 102.011(a)(2), 102.030; *see also Johnson*, 423 S.W.3d at 396 (concluding that absent a specific challenge to basis for the assessment of a court cost, a bill of costs is sufficient to support court costs listed

in a written judgment). The state and local consolidated court costs and the warrant/capias fee assessed here are mandatory amounts established under law. *See* Loc. Gov't §§ 133.102(a)(1), 134.101(a); Crim. Proc. art. 102.011(a)(2); *see also Cadena v. State*, No. 11-22-00225-CR, 2023 WL 8459093, at *8 (Tex. App.—Eastland Dec. 7, 2023, no pet.) (mem. op., not designated for publication) (affirming the assessment of state and local consolidated court costs at $185 and $105, respectively); *Anderson v. State*, No. 11-19-00020-CR, 2020 WL 7414025, at *1 (Tex. App.—Eastland Dec. 18, 2020, no pet.) (mem. op., not designated for publication) (affirming the assessment of a $50 fee to reimburse for the cost of a peace officer executing or processing an issued arrest warrant or capias under Article 102.011(a)(2)). Therefore, the trial court did not err when it assessed these costs against Appellant. *See Johnson*, 423 S.W.3d at 390; *see also Jones v. State*, No. 11-22-00244-CR, 2023 WL 5963074, at *1 (Tex. App.—Eastland Sept. 14, 2023, no pet.) (mem. op., not designated for publication) ("A convicted defendant must pay legislatively mandated court costs, and a defendant's ability to pay is not relevant with respect to such costs.").

However, with respect to the time payment fee, "[t]he pendency of an appeal stops the clock" on a defendant's duty to pay this specific fee. *See Dulin*, 620 S.W.3d at 133. Thus, any assessment of a time payment fee prior to thirty days after the issuance of an appellate mandate is premature and must be struck without prejudice. *Id.*; *Cadena*, 2023 WL 8459093, at *9 (holding the same). Because Appellant appealed the trial court's judgment, the clock on Appellant's duty to pay the time payment fee was stopped and the assessment of a time payment fee for that time was erroneous. *See Dulin*, 620 S.W.3d at 133.

Accordingly, Appellant's second issue is sustained in part, and the district clerk's amended bill of costs is modified to delete the prematurely assessed $15 time payment fee without prejudice to this fee being assessed later if, more than thirty

days after the issuance of the appellate mandate, Appellant has failed to completely pay any court costs or fees that he owes. *See id.*; *see also Cadena*, 2023 WL 8459093, at *9.

## *Modification*

We have the authority to reform the judgment when the necessary information is available to do so. TEX. R. APP. P. 43.2(b); *see Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see also Cadena*, 2023 WL 8459093, at *9. Having reviewed the challenged court costs and fees and concluded that the trial court improperly assessed court-appointed attorney's fees and prematurely assessed the time payment fee, we (1) modify the trial court's judgment to change the "Court Costs" from $355 to $290, the correct amount of court costs[2] assessed against Appellant and due, (2) modify the trial court's judgment to change "Attorney Fees" from "$ TBD" to $0, and (3) modify the district clerk's bill of costs to delete the attorney's fees and the time payment fee previously assessed against Appellant.

## *This Court's Ruling*

As modified, we affirm the judgment of the trial court.

W. BRUCE WILLIAMS
JUSTICE

July 24, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]We note that the $50 assessed under Article 102.011(a)(2) is a reimbursement fee. *See* CRIM. PROC. art. 102.011.